JOHN F. BARNEY *et al.*

*v.*

WILLIAM A. GILES.

*Filed at Ottawa March 22, 1887.*

1. BUILDING CONTRACT—*certificate of architect—as a condition precedent to final payment—a contract construed in that regard.* A building contract provided for the retention of a certain per cent of the price to be paid, until final completion, and "that upon the architect's acceptance of the work as complete and finished, the party of the first part will pay to the parties of the second part the balance in full, on the presentation of the architect's certificate, certifying that the contract has been well and truly performed, and accepted by him, and that all damages or allowances which should be paid or made * * * have been deducted; * * * and also a certificate from the parties of the second part, that all claims and damages for extra work, or otherwise, under or in connection with this contract, have been presented to the architect." It was *held*, the making by the architect of the one, and by the contractors of the other, of such certificates, and the presentation of them to the owner, should be regarded a condition precedent to the right to payment for the final balance.

2. SAME—*sufficiency of architect's certificate.* On the completion of the work under such contract, the architect gave the contractors a certificate, as follows: "This is to certify that B. & R., contractors for the mason work of your additional stories on the P. block, are entitled to a payment of $1079.73, by the terms of contract. * * * Work has been measured at building:" *Held,* that the certificate was not such as was required by the contract, and did not entitle the contractors to their final payment.

3. CONDITION PRECEDENT—*rule requiring performance same in equity as at law.* In the case of a condition precedent there must be a compliance therewith, or an excuse for non-compliance shown, as well in equity as at law.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding.

Mr. EUGENE E. PRUSSING, for the appellants:

The principle of law applied by the Appellate Court is contrary to the rules of equity jurisprudence, and is not sustained by the decisions of this court.

The principle announced by the Appellate Court is not the rule in equity cases, but only at common law. The cases cited by the court in its opinion are: *Packard* v. *Van Schoick,* 58 Ill. 79, and cases there cited; *Coey* v. *Lehman,* 79 id. 173; *Downey* v. *O'Donnell,* 86 id. 49; *Walsh* v. *Walsh,* 11 Bradw. 199.

Even when the partial failure or inability to perform, results from the plaintiff's own default, the contract will still be enforced, if the relief is demanded by equitable principles, as, for example, when the plaintiff has performed substantially, but not with such exactness, in respect to all the terms, that he could maintain an action at law; or where the plaintiff has performed at or within the stipulated times, in cases in which time is not of the essence of the contract. *Davis* v. *Hone,* 2 Sch. & Lef. 341; *Voorhees* v. *Meyer,* 2 Barr, 37; *Cole* v. *Barney,* 1 G. & J. 324; *McCorgill* v. *Brown,* 2 S. & M. 167; *Shaw* v. *Livermore,* 2 Green, 338.

Messrs. KING & PACKARD, for the appellee:

The parties are bound by the agreement they have made. The contract fixes the right in which a recovery may be had, and without obtaining the requisite certificates no recovery can be had. *Ely* v. *Ely,* 80 Ill. 540; *Packard* v. *Van Schoick,* 58 id. 80; *Fowler* v. *Deakman,* 84 id. 130; *Coey* v. *Lehman,* 79 id. 176; *Downey* v. *O'Donnell,* 86 id. 49; *Walsh* v. *Walsh,* 11 Bradw. 201.

Per CURIAM: The opinion of the Appellate Court in this case, with its accompanying statement of facts, is as follows:

"This was a proceeding in the court below, by the defendants in error, Barney & Rodatz, under the Mechanic's Lien statute, against Giles, the plaintiff in error. The case was heard upon petition, answer, replication and proofs, and a decree passed for $1126.51, in favor of petitioners, which was declared a lien on the premises described in the petition, with the usual order of sale, upon which Giles brings error to this court.

"The action was based upon, and for work and materials done and furnished under, a written contract between the parties, entered into October 27, 1884, wherein said Giles, the owner of the premises, was described as the party of the first part, and said Barney & Rodatz as the parties of the second part, who were to furnish the materials and do the work necessary to the mason work required in the erection and completion of a first-class fifth and sixth-story addition to the Purington block, which was to be erected on the east side of Wabash avenue, in the city of Chicago, according to plans and specifications referred to and made a part of the agreement, which materials and work should be complete and perfect in every respect, 'by and at the time hereinafter mentioned, to the full and complete satisfaction of F. R. Schock, architect and superintendent, for the sum of $10.60 per thou-

sand, (wall measurement,) to be paid at the times and in the manner hereinafter set forth.'

"The only provision as to payment by the party of the first part, is in the following clause :

"*Fifth*—That the party of the first part, in consideration of the undertakings herein contained on the part of the parties of the second part to be performed, do hereby covenant and agree to and with the parties of second part, as follows : That if the parties of the second part shall well and faithfully perform and fulfill this contract, and keep every covenant on their part herein contained, the party of the first part will pay to the parties of the second part the said sum of $10.60 per thousand, in installments, as the work progresses, upon the presentation of the architect's written certificate, who will reserve fifteen per cent of the value of the materials furnished and worked into the building, until the completion and acceptance of the contract ; and upon the architect's acceptance of the work as complete and finished, the party of the first part will pay to the parties of the second part the balance in full, on the presentation of the architect's certificate certifying that the contract had been well and truly performed, and accepted by him, and that all damages or allowances which should be paid or made by the parties of the second part, have been deducted from the amount of the said final certificate ; and also a certificate from the parties of the second part, that all claims and damages for extra work, or otherwise, under or in connection with this contract, have been presented to the architect.

"The time fixed for completing the work was December 15, 1885, weather permitting ; and in case of failure, they were to pay damages.

"The petition was for the recovery of a balance as upon the completion of the work. It alleges the making by the architect, and the presentation by petitioners, of a final certificate to Giles, which certificate was as follows :

"$1079.73.            CHICAGO, *March 9, 1885.*
"*To William A. Giles:*

"This is to certify that Barney & Rodatz, contractors for the mason work of your additional stories on the Purington block, are entitled to a payment of $1079.73, by the terms of contract.

"Contract price, $—— per thousand.

"Extra work, $——.

"Total amount issued, $——.

"Balance in full, $——.

                   F. R. SCHOCK, *Superintendent.*

"*Remarks*:—Work has been measured at building.

"That upon being presented with this certificate, and the money demanded, Giles refused to pay. No other certificate is referred to in the petition, or shown in the proof, nor was any excuse alleged or shown.

"*McAllister, J.*: By the fifth clause of the agreement under which the materials were furnished and the work done, Giles agreed, that upon the architect's acceptance of the work as complete and finished, he would pay to the petitioner the balance in full, 'on the presentation of the architect's certificate, certifying that the contract has been well and truly performed, and accepted by him, and that all damages or allowances which should be paid or made by the parties of the second part, have been deducted from the amount of the said final certificate; and also a certificate from the parties of the second part, that all claims and damages for extra work, or otherwise, under or in connection with the contract, have been presented to the architect.'

"The making by the architect of the one, and by the contractors of the other, of said certificates, and the presentation of them, respectively, to Giles, the owner, by or on behalf of said contractors, was a condition precedent to the right to payment for the final balance under the contract. *Packard* v. *Van Schoick*, 58 Ill. 79, and cases there cited; *Coey* v. *Leh-*

*man*, 79 id. 173; *Downey* v. *O'Donnell*, 86 id. 49; *Walsh* v. *Walsh*, 11 Bradw. 199.

"The petition does not allege, nor the proof show, that the petitioners ever made or presented to Giles any such certificate as is required by said fifth clause to be made and presented. Neither does the petition allege, or the proof show, the making and presentation of such a certificate by the architect, as is required by that clause. The one described in the petition, and given in evidence, falls substantially short of that required. Nor is there any waiver or excuse alleged or shown in respect to either of said certificates.

"The contract being the foundation of the petitioner's proceeding, and being in all respects lawful and valid, it can be enforced only as the parties have made it. The court was powerless to dispense with the condition precedent to which we have referred.

The decree must, for the reasons stated, be reversed, and the cause remanded.—*Decree reversed.*"

On application of appellants to the Appellate Court, the order remanding the case to the Superior Court was annulled.

It is insisted that the Appellate Court erred in its finding that no excuse was alleged or shown in respect to either certificate required by the contract. There certainly is no such excuse alleged in the petition, and all that is claimed as being shown by the evidence, is in the testimony of Schock, the architect, to the effect that he gave the certificate in evidence as the final certificate, on the final completion of the work; that the contractors requested him to give them a final certificate for the balance due on the contract; that there were no claims for damages made at the time, and that none had been presented to him at all, by either party. It is argued from this, that there were no claims for damages on the part of the defendant for extra work, or otherwise, on the part of the contractors, and that, therefore, no such certificates as required by the contract, could have been given. The evidence

does show that no such claims were made known to the architect, but it fails to show that none such did exist. Had the architect sat down to write out a certificate as required by the contract, "that all damages or allowances which should be paid or made by the contractors have been deducted from the amount of the final certificate," he would presumably have taken pains to ascertain whether any such claim for damages existed, and if so, have passed upon the same, and not have rested content with the mere non-presentation to him of such a claim. The defendant did, in fact, have a claim for damages, in not completing the work by the time specified, and it formed a matter of serious contest at the hearing.

It is urged, further, that the principle of law applied by the Appellate Court in this case, is not the rule in equity cases, in which this proceeding is embraced, but only at common law, and that each of the cases cited by the court, in its opinion, except *Downey* v. *O'Donnell*, 86 Ill. 49, is a suit at common law. This latter case certainly was, like the present, an equitable proceeding to enforce a mechanic's lien. The condition precedent which was not complied with there, was one as to the production of proper vouchers showing payment by the contractors to all sub-contractors and material-men, as to which the court say: "It should have been strictly complied with, or a sufficient excuse have been shown for not complying with it, which we do not think has been done in the evidence before us." In the case of a condition precedent, we think there must be a compliance therewith, or an excuse for non-compliance shown, as well in equity as at law.

The criticisms made upon the opinion of the Appellate Court do not appear to us to be well founded. We are satisfied with its correctness, and the judgment of that court will accordingly be affirmed.

*Judgment affirmed.*