SARAH WOLF

v.

F. W. MICHAELIS.

*Mechanic's Lien—Architect's Certificates—Defective Bill—Evidence— Improper Admission of—Secondary Evidence.*

1. Where a contract for labor and materials to be used in the erection of a building requires a certificate from the architect before each installment becomes due, a bill for a mechanic's lien can not be maintained, unless it appears that such stipulation has been complied with, waived or excused in some manner recognized by law.

2. In the case presented, in the absence of any allegation that the architect ever issued or refused to issue the certificates required, or statement of any matter of excuse for failure to secure such certificates, the evidence touching the question was improperly admitted.

[Opinion filed September 19, 1888.]

Appeal from the Circuit Court of Cook County; the Hon. Lorin C. Collins, Judge, presiding.

Mr. Moses Salomon, for appellant.

Mr. Levi Sprague, for appellee.

Garnett, J.    This is an appeal from a decree for a mechanic's lien for $1,450 in appellee's favor against the property of appellant.    The contract between the parties was in writing (Edward G. Ellcock being named therein as the architect), and by its terms appellant was to pay appellee $5,450 for the work and materials specified.

The contract price was to be paid in six installments, the first, second and third amounting in the aggregate to $2,000, to be paid at various stages of the work; the fourth ($2,000) when the building was finished, the fifth ($1,000) thirty days thereafter, and the sixth ($450) in six months thereafter.    But in the contract it was provided " that in each case of said payments a certificate shall be obtained from and signed by the said Edward G. Ellcock, architect, to the effect that the work is done in strict accordance with drawings and specifications, and that he considers the payment properly due; said certificate, however, in no way lessening the total and final responsibility of the contractor."    The bill makes no allegation that the architect ever issued or refused to issue any certificate, nor is any fact therein stated as an excuse for not securing certificates for the amounts claimed.

The answer of appellant sets forth the written contract in haec verba, and alleges that certificates for the installments sued for were not obtained by complainant.    The bill should have averred the issuing of the certificates or that they were fraudulently withheld by the architect.    Barney v. Giles, 120 Ill. 154; Barton v. Herman, 11 Abb. Pr. (N. S.) 378.

As said by the court in Barney v. Giles, supra, " The contract being the foundation of the petitioner's proceeding, and being in all respects lawful and valid, it can be enforced only

as the parties have made it." On the hearing, parol evidence was introduced over the objection of the appellant, tending to show that a certificate had been made and delivered by the architect to appellee for $300 remaining unpaid on the fourth installment. If that was material evidence, its reception was error, as no foundation was laid for secondary evidence. There was nothing else tending to prove the making and delivery of such certificate. For the same purpose, a record of judgment in favor of appellee against appellant for said $300 was introduced in evidence by appellee. But all the evidence upon which that judgment was rendered is not given in this record, and for aught that appears the judgment may have been based on a waiver of the certificate and a distinct promise of appellant to pay that amount. There was no averment in the bill warranting the introduction of any evidence on this question and it should all have been excluded. But, if it had been satisfactorily proven that a certificate was given by the architect for the balance of the fourth installment, that would not excuse appellee from securing and presenting certificates for the fifth and sixth installments. The fifth was not payable until thirty days after the completion of the building, and the sixth was postponed six months. If the work and materials appeared all right when completed, serious defects might have been discovered before either of the last two installments became due. The contract between the parties is framed in terms that leave no room for construction as to the necessity of a certificate before each installment became due. Until that stipulation in the contract is complied with, waived or excused in some manner recognized by law, there can be no recovery. The allegations of the bill are fatally deficient in this respect. The decree is reversed and remanded.

*Reversed and remanded.*