[No. 12788. In Bank. — September 3, 1889.]

J. S. WIXSON, RESPONDENT, v. THOMAS DEVINE, APPELLANT.

ESTOPPEL — FORMER ADJUDICATION — APPROPRIATION OF WATER. — A former adjudication in favor of the plaintiff, restraining the defendant from interfering with plaintiff's dam, flume, or ditch, or from turning out any of the water of a ravine after it shall have reached plaintiff's dam, so long as the quantity shall not exceed twenty-five inches, though inconsistent with any prior appropriation of the water by the defendant below the dam of the plaintiff, is not inconsistent with a prior appropriation of the stream by the defendant above plaintiff's dam, and does not

LXXX. CAL.—25

preclude the proof of such prior appropriation in a subsequent action, nor estop the defendant from proving that such prior appropriation had not in fact been litigated in the former action.

Id. — Implied Findings. — In the absence of express findings, no findings can be implied from a judgment except such as are logically necessary to sustain it.

Id. — Appeal. — Law of the Case — Obiter Dictum. — The doctrine that this court having erroneously decided some matter of law upon a former appeal will always stand by the error in that case, though it will not allow it to be a precedent in another case, has nothing to commend it to the favor of the court, and its application will not be extended beyond the cases in which it has been held to apply. It does not apply to erroneous expressions of opinion in a former decision which are merely *obiter*, and which go beyond the point raised for adjudication upon the former appeal.

Appeal from a judgment of the Superior Court of Sierra County.

The facts are stated in the opinion of the court.

*Van Clief & Wehe,* for Appellant.

*Smith & Ford,* and *S. B. Davidson,* for Respondent.

Beatty, C. J. — The question in this case is, whether the judgment in a prior action is an estoppel in this. In the first action Wixson sued Devine and wife for tearing out his dam and interfering with his diversion of twenty-five inches of the stream at his dam. In his answer in that action, Devine claimed to have appropriated all the water of the stream prior to any appropriation by Wixson, but he did not show at what point or points he had made a diversion of the water. On the trial he attempted to show a prior appropriation by diversion below the point of plaintiff's dam of all the water flowing in the stream at that point. In this he failed, the court finding that plaintiff's appropriation was prior to and superior to any appropriation of Devine *below* plaintiff's dam. The defendant then offered to show that he had made a still earlier appropriation above plaintiff's dam. This offer was objected to, and the objection sustained by

the court, upon the ground that in that action it was immaterial what appropriation defendant had made, or what right of diversion he had above plaintiff's dam, as such right of diversion was in no wise affected by plaintiff's dam, and could not justify the defendant in tearing out the dam, or interfering with plaintiff's right to divert so much of the water of the stream as came down to that point.

In entire and perfect consistency with this ruling, which, considering the subject of the action, was clearly correct, the only judgment rendered was for one dollar damages, with an injunction restraining defendant from interfering with plaintiff's dam, flume, or ditch, or with his "turning out any of the waters from Kentucky Ravine after said water shall have reached plaintiff's dam, so long as the quantity shall not exceed twenty-five inches."

· There were no express findings of fact, and none can be implied from the judgment, except such as are logically necessary to sustain it. Now, the only facts necessary to sustain the judgment are, that Wixson had constructed a ditch of *twenty-five inches capacity*, heading above his dam, which, by completion, or by relation to his notice of intention, gave him a prior right as against Devine to that quantity of water at that point whenever so much happened to come down to him, as it frequently might, notwithstanding an earlier appropriation by Devine of the entire low-water flow of the stream above.

We must take notice of the fluctuating volume of mountain streams, and of the fact that prior appropriators, when they have no use for the water,— as frequently happens,—allow it to pass down the stream, to the advantage of subsequent appropriators or riparian owners below. We know, therefore, that every demand of this judgment, and every fact which it implies, are consistent with a prior appropriation by Devine above plaintiff's dam and ditch,—an appropriation which at low or

even ordinary stages of water might leave a surplus of less than twenty-five inches to flow down to plaintiff's dam. Now, in this present action, plaintiff claims a first right to twenty-five inches of the stream, and the defendant is precluded from proving a prior appropriation above plaintiff's dam, because it is said the judgment in the first action is an estoppel upon that point. But if, as we have endeavored to show, nothing in the judgment implies any fact inconsistent with such prior appropriation, we cannot see upon what principle it can be held an estoppel.

But it is said that on a former appeal in this case we held it an estoppel, and that such has become the *law of the case.* (See *Wixson* v. *Devine,* 67 Cal. 341.)

We have recently, in *Sharon* v. *Sharon,* 79 Cal. 633, had occasion to consider this doctrine of the *law of the case,* which means, as we understand it, that the court having erroneously decided some matter of law will always stand by the error *in that case,* though it will not allow it to be a precedent in another, and we there determined that the doctrine had nothing to commend it to the favor of the court, and that its application would not be extended beyond the cases in which it had been held to apply.

It has never, that we are aware, been held to apply to expressions in an opinion which are merely *obiter,* and we venture to say that, beyond some expressions of that sort, there is nothing in the former opinion of this court affecting the question presented on this appeal.

On the first trial of this case, the judgment in the former action was admitted in evidence, and the opinion of the judge who tried the case was excluded. Both of these rulings were in favor of the plaintiff, and they were not the subject of review on his appeal. There was no occasion, therefore, for this court on that appeal to say anything as to the correctness or incorrectness of those rulings. But aside from this, it is also true that

what was said, however binding it may be deemed, does not touch the question involved in this appeal. We are of the opinion that the judgment in the first action was admissible as evidence to prove one of the issues in this case, i. e., the construction of plaintiff's dam and ditch prior to the commencement of the former action. It may be conceded that the judge's opinion delivered in the former case was properly excluded for the reason assigned, viz., that it was not authenticated. But when the court proceeded to say (page 346), " The record of the judgment introduced in evidence precludes the defendant from setting up any right to twenty-five inches of water in Kentucky Ravine at the point of plaintiff's diversion, or at any point above, so as to interfere with his enjoyment thereof at his dam and ditch," we dissent entirely from the correctness of the conclusion, and do not feel bound by it under the doctrine of the " law of the case," for the sufficient reason that the statement was merely *obiter;* and we say this because the error assigned by plaintiff on that appeal—the only error which brought the effect of the former judgment as evidence under review, and the only error assigned as ground for reversal of the judgment—was the admission of testimony tending to prove a prior appropriation by Devine *below* plaintiff's dam,—a matter as to which we admit that the former judgment was an estoppel.

For these reasons, we conclude the superior court erred in denying to defendant the right to prove a prior appropriation above plaintiff's dam, and in refusing to allow him to show that his right to such prior appropriation had not been litigated in the former action.

We think the judgment should be reversed, and it is so ordered.

WORKS, J., McFARLAND, J., SHARPSTEIN, J., and PATERSON, J., concurred.

Rehearing denied.