## LUCO v. DE TORO.

### No. 19,229; October 10, 1893.

#### 34 Pac. 516.

**Appeal—Remand—Obiter Dicta.—The Supreme Court, in Its Opinion** reversing a case for lack of a certain and unambiguous finding on a material question of fact, added that, if the finding could be construed as in favor of respondent, it was enough to say that in the court's opinion it was not supported by the evidence. Held, that said remark was clearly obiter, and did not preclude the trial court from finding for respondent on substantially the same evidence, strengthening its conclusion by other new findings, based on the evidence, and probative of the main finding.

APPEAL from Superior Court, San Diego County; George Puterbaugh, Judge.

Action by Juan M. Luco against Juan de Toro for partition. The facts are recited in the opinion on the former appeal: 91 Cal. 405, 27 Pac. 1082. Judgment for defendant. Plaintiff appeals. Affirmed.

I. N. Thorne and Oliver P. Evans for appellant; Smith & Winder and Works & Works for respondent.

HARRISON, J.—The appellant's right of recovery depends upon the performance by Hartman of his contract with Olvera to procure the issuance of a patent for the Rancho Ex-Mission of San Diego. This agreement is set forth at length in the opinion of this court rendered upon the former appeal: 91 Cal. 405, 27 Pac. 1082. Upon that appeal the judgment of the court below was reversed for its failure to make a sufficient finding upon this issue. The finding which it had made was held to be ambiguous and

uncertain, inasmuch as in one part thereof the court found that immediately after the execution of the agreement Hart-- man entered upon the performance of the stipulations therein contained to be performed on his part, and that, in connec- tion with the plaintiff herein, he continued to prosecute them to a final conclusion, while in a subsequent portion of the same finding the court found that there had not been a full and complete or substantial performance of that agreement. It was also said in the opinion that the appellant "was en- titled to an unequivocal finding on the question of perform- ance." Upon the subsequent trial of the cause, from which the present appeal is taken, the court finds that "the said contract was not fully or substantially performed by the said Hartman, nor did the said Hartman procure to be issued the patent for the said rancho," and it also finds as a fact that after the case was sent on to Washington, in 1871, Hartman rendered no services, but abandoned the case. As there was evidence before the court in support of these findings, the findings themselves must be accepted in this court as form- ing the basis of the judgment, irrespective of any conflict or preponderance of evidence upon which they were made. It is, however, contended by the appellant that, as it was said in the opinion upon the former appeal, after determining that the finding was ambiguous and uncertain, that "if, how- ever, the finding can be construed as a finding in favor of respondent on that subject, it is sufficient to say that in our opinion it is not supported by the evidence," and, as the evi- dence at the last trial was substantially the same, the opinion upon the former appeal has become the law of the case, and that the trial court should have made its finding in con- formity thereto.

The determination by this court of the rights of the parties in an appeal from the superior court is a final adjudication of those rights, and the questions of law decided by this court become a rule for the guidance of the trial court as well as of this court if the same questions are again pre- sented in that controversy upon a retrial of the issues or upon a subsequent appeal. The principle upon which this rule rests is that the judgment is an estoppel binding upon the parties and to be enforced by the court: Klauber v. Car Co., 98 Cal. 105, 32 Pac. 876. The rule is not limited to contro-

verted questions of abstract law, but is equally applicable when the point determined upon the appeal is whether the evidence before the trial court was sufficient to justify a decision drawn therefrom, which confers or withholds a legal right for either party. As the principle upon which this rule rests is that of an estoppel by judgment, it follows that it is only the matters which are actually adjudged or determined as the basis of the judgment of this court that can be considered as the law of the case, and binding upon the parties in its subsequent stages, and that when the judgment or determination is made upon a certain state of facts, it ceases to be of binding force if the facts presented at the retrial or upon a subsequent appeal are essentially different. The ground upon which the former judgment of this court was rendered was the failure of the trial court to make a finding upon this issue, and the statement in the opinion that the finding which it had made was ambiguous and uncertain rendered what was subsequently said about the insufficiency of the evidence to support the construction placed upon it by the respondent in his argument merely obiter. As the court had not made a finding upon the issue, there could be no basis for this court to make a determination respecting the sufficiency of the evidence to support that finding. It has been often held that when the trial court has failed to make a finding upon an issue in the case, although the entire evidence is before this court, we have no power to make a finding therefrom, but must remand the cause to the trial court for that purpose; that the act of drawing a conclusion from the evidence is peculiarly the function of the trial court, and that this court, in the exercise of its appellate jurisdiction, has power to correct only errors of law, and cannot correct errors of fact committed by that court. The same principles preclude any opinion which this court may give upon the character of the finding which should be drawn from the evidence in a case from having any binding force upon the trial court to which the case should be remanded, or in the determination of any subsequent appeal: See Wixson v. Devine, 80 Cal. 385, 22 Pac. 224.

The record, as presented upon this appeal, contains findings of certain facts which were not made at the former trial, and which, of course, could not have been considered by this court on the former appeal. In addition to finding that the con-

tract was not fully or substantially performed by Hartman, the court also finds that, while he did render some services in the surveyor general's office in this state, yet after the case was sent to Washington, in the early part of the year 1871, "no further services were performed by the said Hartman, nor did he appear in the said proceeding before the commissioner of the land office or Secretary of the Interior, but the case was wholly abandoned by him"; and also that the employment of Denver by Olvera was after the abandonment of the case by Hartman, and that the patent was procured to be issued by Denver. The evidence before the court was ample to sustain findings, and as probative of these facts they are controlling in support of the ultimate fact found upon the issue of performance. It follows that the judgment and order must be affirmed, and it is so ordered.

We concur: Fitzgerald, J.; McFarland, J.

DE HAVEN.—I concur in the judgment.