[L. A. No. 984.   Department Two.—February 11, 1901.]

THOMAS L. TALLY, Respondent, v. H. PARSONS et al., Defendants.   J. G. GANAHL, Appellant.

BUILDING CONTRACT—BOND OF CONTRACTOR — LIABILITY OF SURETIES.— The sureties on the bond given for the performance of a building contract by the contractor are bound only by the express terms of their contract, and have a right to stand upon its precise terms.

ID.—ABANDONMENT OF WORK —COMPLETION BY OWNER—ARCHITECT'S CERTIFICATE—CONDITION PRECEDENT.—Where the work was abandoned by the contractor, and the owner completed it at an increased expense, and the contract provided that the expense incurred by the owner in such case should be audited and certified by the architect, whose certificate should be conclusive, such certificate is a condition precedent to a recovery of such expense against the sureties on the contractor's bond.

ID.—CONTRACTOR'S REPUDIATION OF CONTRACT—CONDITION NOT IMPAIRED AS TO SURETIES.—Where the sureties did not repudiate the contract nor waive any condition stated therein, the repudiation of the contract by the contractor could not, as to the sureties, impair the condition that the owner who completed the work must procure a certificate from the architects as to the expense incurred.

ID.—DISCHARGE OF ARCHITECTS BY OWNER—FINDING—BREACH OF CONDITION NOT EXCUSED.—A finding that the owner discharged the

architects on the ground that they were careless, incompetent, and dishonest, without a finding that the grounds were true, and without any allegation or finding showing an excuse for breach of the condition, does not relieve the plaintiff of the condition stated in the contract as against the sureties.

ID.—EXCUSE, HOW SHOWN—PLEADING AND PROOF.—The plaintiff might have relieved himself of the condition, by alleging and proving, as an excuse therefrom, that the architects had refused to act in the matter, or, if they had acted, that they had acted fraudulently or corruptly or through mistake.

APPEAL from a judgment of the Superior Court of Los Angeles County. J. C. B. Hebbard, Judge presiding.

The facts are stated in the opinion.

J. C. Brown, for Appellant.

Clarence A. Miller, for Respondent.

COOPER, C.—This action was tried before the court, findings filed, and judgment entered for plaintiff. Appellant Gan-ahl has appealed from the judgment on the judgment-roll. The only question necessary to be determined is as to whether the findings entitled the plaintiff to judgment against appellant. It appears from the findings that plaintiff's assignor entered into a written contract with defendant Parsons, under the terms of which Parsons agreed to build a dwelling-house for said assignor upon the premises described in the complaint for the sum of two thousand three hundred and forty-four dollars to be paid in certain installments. The contract provided that in case the said Parsons should fail to prosecute the work with diligence, or in the performance of his agreement in any respect, the owner (plaintiff's assignor) shall be at liberty to terminate the employment, enter upon the premises and complete the building. It further provided that in case of the failure of Parsons to complete the building according to the contract, the owner should have the right to employ any other person or persons to finish the work and provide the materials therefor, and contained the following clause: "The expense incurred by the owner as hereinbefore provided, either for furnishing materials or finishing the work, and any damage incurred through such default, shall be audited and certified by

the architects, whose certificate thereof shall be conclusive between the parties." At the time of the execution of the contract the contractor executed and delivered to the owner his bond in the sum of eight hundred dollars, with appellant as one of the sureties thereon, conditioned that the contractor should faithfully perform all the terms and conditions of the contract and complete the building according to the plans and specifications, and when completed deliver the same up to the owner free from all liens. After the commencement of said building, and the payment of various amounts, the contractor, without any just cause, refused to complete the building and abandoned the contract. The owner thereupon took possession, employed men, purchased materials, completed the building, and necessarily expended in its completion, according to the plans and specifications, the sum of five hundred and thirteen dollars and thirty-three cents, over and above the contract price, for which sum plaintiff recovered judgment. The court found that the architects "never did audit and certify to the costs and expenses for materials and labor for the completion of said building by said Mary A. Tally and that said architects never did audit or certify to any or all of the expenses for the completion of said building. . . . . That said architects were never called upon or asked by said Mary A. Tally, or by any other person, to audit and certify, or audit or certify, to the expenses for material and labor for the completion of said building."

The court further found that, immediately after the abandonment of the contract by Parsons, the owner discharged the architects on the ground that they were careless, dishonest, and incompetent and never afterward employed them.

Appellant was surety for the faithful performance of the contract by Parsons. He was bound only by the express terms of his contract, and to the extent, and in the manner, and under the circumstances, pointed out in his bond and the building contract to which it referred and no further. He was entitled to stand on its precise terms. (*Pierce v. Whiting*, 63 Cal. 543; *Carter v. Mulrein*, 82 Cal. 169.[1]) It was a part of the terms and conditions of his contract that if the owner, by de-

---

[1] 16 Am. St. Rep. 99.

fault of the contractor, should be compelled to furnish labor and materials and finish the building, any damage incurred through such default should be audited and certified by the architects. This was a condition precedent and was inserted for the protection of the contractor and the sureties. The architects were named in the contract, and were the agents of both parties. The sureties agreed to the contract, as to the selection of the architects therein named. It was competent for the parties to agree that, in case of loss, expense, or damage to the owner, such loss should be audited by a tribunal of their own selection. They did make such agreement and selected such tribunal, and, unless some valid reason is shown, the auditing by such tribunal is a condition precedent to plaintiff's recovery.

In *Smith v. Briggs*, 3 Denio, 73, the defendant had covenanted with the plaintiff for doing the carpenter work of certain houses and to pay him when he should receive from the architect his certificate that the work was fully and completely finished according to the specification annexed to the contract. It was held that giving the certificate by the architect was a condition precedent, the performance of which must be averred in an action brought to recover payment for such work.

In *Smith v. Brady*, 17 N. Y. 173,[2] the contractor was to be paid the balance "when all the work should be completed and certified by the architects to that effect." It was held that the certificate was a condition precedent, and in the opinion it is said: "The parties have seen fit to make the production of such a certificate a condition precedent to the payment. The plaintiff is as much bound by this part of his contract as any other. It is not enough for him to bring his action and say that he has completed the work which he undertook to do. He has agreed that the architects named should decide whether the work is completed or not." (See, also, *Delaware etc. Canal Co. v. Pennsylvania Coal Co.*, 50 N. Y. 250; *United States v. Robeson*, 9 Pet. 328; *Wolf v. Michaelis*, 27 Ill. App. 336; *De Mattos v. Jordan*, 15 Wash. 378.) In the latter case the action was upon the bond of a contractor and is in many respects similar to the case at bar. The clause in the contract was:

---

[2] 72 Am. Dec. 442.

"The expense incurred by the owner as herein provided either for furnishing materials or finishing the work shall be audited and certified by the architect and his certificate thereof shall be conclusive upon the parties." In the opinion it is said: "We deem it proper to observe that appellant can, under the terms of the contract, only recover such of the expenses incurred by him for furnishing materials or finishing the work as shall have been audited and certified by the architect. . . . . The purpose of this provision was to protect the sureties against excessive and unjust charges for work and material, and it was agreed that the certificate of the architect should be conclusive as to the amount of expenses incurred by the owner."

This court has held that where a contract provides for the payment of such sum as may be determined by arbitrators, that the submission to arbitrators and procuring an award is a condition precedent to recovery. (*Holmes v. Richet*, 56 Cal. 307[3]; *Scammon v. Denio*, 72 Cal. 393.) It is said by respondent that the rule does not apply to the present case, for the reason that the contractor repudiated the contract by abandoning it and giving notice to the owner, and for the reason that the owner of the premises discharged the architects. The abandonment of the contract by the builder and contractor would not impair the clause as to procuring a certificate from the architects. If the contractor had not failed to perform his duty and abandoned the contract there would never have been any expense incurred by the owner and no necessity for procuring the certificate. The sureties never repudiated the contract nor waived any condition therein. The condition was inserted in order to provide a method of arriving at the damage to the owner in case the contractor abandoned or failed to perform his contract. When the contractor abandoned the contract and the owner completed the building, the very contingency arose for which provision was made as to procuring the certificate. The contractor could not repudiate this provision of the contract as to the sureties, no matter what effect his repudiation might have upon himself. Neither does the finding of the court that the owner discharged the architects relieve plaintiff of the condition in the contract. The finding states that the

---

[3] 38 Am. Rep. 54.

owner discharged the architects on the ground that they were careless, incompetent, and dishonest, but there is no finding that such grounds were true. Even if they were true, there would have to be some allegation or finding showing a good and sufficient excuse for not having the amount audited and certified by the architects. If the architects had refused to act in the matter, or if they had acted, but acted fraudulently, or corruptly, or through mistake, the plaintiff could have alleged and proven such excuse and thus relieved himself of the condition.

It follows that the judgment should be reversed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed.    McFarland, J., Temple, J., Henshaw, J.