Filed 7/30/15  Fleur Du Lac Estates Assn. v. Mansouri CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| FLEUR DU LAC ESTATES ASSOCIATION, | C077390 |
| Plaintiff and Respondent, | (Super. Ct. No. TCV0001479) |
| v. | |
| ZARI MANSOURI, | |
| Defendant and Appellant. | |

This case arises out of a dispute between a homeowners' association--plaintiff Fleur du Lac Estates Association (the Association)--and one of its member homeowners-- defendant Zari Mansouri--regarding certain improvements Mansouri made to her property.  Although arbitration of the underlying dispute has not yet been completed, the Association successfully defended an interlocutory appeal that Mansouri took from a trial court ruling denying her petition to vacate an interim arbitration award.  The trial court subsequently awarded the Association more than $50,000 in attorney fees against Mansouri for prevailing in that appeal.

1

On appeal from the fee award, Mansouri contends the trial court erred in awarding the Association its fees on appeal because the fee motion was premature. We agree. As we will explain, for purposes of determining the entitlement to a fee award here, there can be only one prevailing party in the dispute over the improvements to Mansouri's property, and the determination of which party that is (if either) must await the final resolution of the dispute. Even though the Association was the prevailing party on Mansouri's appeal relating to the interim arbitration award, that does not mean the Association will be the prevailing party *in the dispute* when it is finally over. Because the trial court erred in granting the Association's motion for fees before the entire dispute was finally resolved, we reverse.

FACTUAL AND PROCEDURAL BACKGROUND

We take the initial facts from one of our two previous published opinions in this case:

"Mansouri owns a condominium unit within Fleur du Lac Estates at Lake Tahoe. The Association is the homeowners association for the development, and Mansouri is a member of the Association.

"In December 2006, Mansouri submitted an application to the Association's architectural control committee to remodel various parts of her condominium, including the patio. In July 2008, after the remodeling was complete, the Association notified Mansouri that the patio improvements did not conform to the plans the committee had approved. The Association requested that Mansouri remove the nonconforming patio improvements. She refused.

"In September 2008, the Association requested that Mansouri agree to submit the dispute to binding arbitration before a single arbitrator selected by the Association and threatened court action if she did not do so. When Mansouri refused, the Association commenced this action by filing a petition to compel arbitration under an arbitration provision contained in the second restated declaration of covenants, conditions and

2

restrictions for the Association (CC & R's). That provision provides that any dispute between the Association and an owner about the meaning or effect of any part of the CC & R's will be settled by binding arbitration before a three-member panel of arbitrators, with one arbitrator selected by the Association, one selected by the owner, and the third selected by the other two.

"The trial court granted the Association's petition to compel arbitration and awarded the Association attorney fees. [Citation.] Mansouri sought relief in this court by means of a petition for a writ of mandate. [Citation.] 'We granted an alternative writ . . . to consider (1) whether the arbitration provision in the CC & R's [wa]s unenforceable and unconscionable; (2) if the arbitration provision [wa]s valid, whether this dispute f[ell] outside of the scope of the arbitration provision; and (3) whether the Association complied with the applicable statutory requirements for a petition to compel arbitration. We conclude[d] the arbitration provision [wa]s enforceable, [wa]s not unconscionable, and [wa]s applicable. However, in the published portion of [our] opinion, we [also] conclude[d] a party seeking to compel arbitration under [Code of Civil Procedure] section 1281.2 . . . must establish it demanded arbitration under the parties' arbitration agreement and that the other party refused to arbitrate under the agreement before it is entitled to an order granting a petition to compel such arbitration. As the Association . . . failed to show it requested Mansouri to arbitrate under the arbitration provision of the CC & R's and that Mansouri refused to arbitrate under such provision, [we concluded the Association's] petition to compel such arbitration should have been denied. [Accordingly, w]e . . . issue[d] a writ of mandate requiring the trial court to vacate its order compelling arbitration and awarding attorney fees and to enter a new order denying

3

the Association's petition.' [Citation.] We also awarded Mansouri her costs on appeal. [Citation.][1]

"Following our decision in [*Mansouri I*], in May 2010 Mansouri filed in the trial court a memorandum of costs on appeal seeking $1,522.44 in appellate costs, a memorandum of costs seeking $350 in trial court costs, and a motion for $209,075.14 in attorney fees under two attorney fees provisions in the CC & R's. Mansouri sought the award of attorney fees on the theory that she was 'the prevailing party in this suit.'

"The Association moved to strike Mansouri's costs memoranda and opposed her fee motion. Among other things, the Association argued that Mansouri's request for her fees and costs was untimely and she was not the prevailing party because this court's ruling 'guarantee[d] resolution [of the dispute] via three-panel arbitration,' which the Association claimed it 'had sought since the commencement of these proceedings.'

"In January 2011, the trial court agreed with the Association that Mansouri was too late in filing her costs memoranda and her fee motion and on that basis granted the Association's motion to strike the memoranda and denied Mansouri's motion for fees. Mansouri did not appeal from that order; instead, she filed a motion for reconsideration under [Code of Civil Procedure] section 1008 or, in the alternative, for relief under [Code of Civil Procedure] section 473(b) based on excusable mistake.

"Meanwhile, also in January 2011, the Association filed a second petition to compel arbitration. This time the Association demonstrated that it had demanded arbitration under the arbitration provision of the CC & R's. Mansouri did not oppose the petition, and in April 2011 the court granted the petition and ordered the matter to arbitration.

---

**1** The opinion resulting from the writ proceeding was *Mansouri v. Superior Court* (2010) 181 Cal.App.4th 633 (*Mansouri I*).

"In May 2011, in ruling on Mansouri's motion for reconsideration of the denial of her fee motion, the trial court determined that Mansouri had presented new facts not available at the time of the hearing on the motion. Nevertheless, the court concluded that the new evidence did not change the result and denied the motion for reconsideration. The court also denied Mansouri's request for relief under [Code of Civil Procedure] section 473(b) on the ground that the mistake she had shown was not excusable.

"Mansouri initially sought review of the May 2011 order denying her motion for reconsideration and for relief under [Code of Civil Procedure] section 473(b) by means of a writ petition in this court. In her memorandum of points and authorities in support of that petition, Mansouri argued that she lacked an adequate remedy at law because it was 'unclear' whether the May 2011 order was appealable. In a footnote, she asserted that the order was '[a]rguably . . . appealable as a post-judgment order, assuming [the order denying the Association's first petition to compel arbitration] qualifies as a judgment.' She further argued, however, that '[t]hat seems unlikely . . . given that the Association has filed . . . *under the same superior court action number* a new petition to compel arbitration. This means that presumably there will be additional proceedings, including possibly a true final judgment (perhaps confirming an arbitration award).'

"We denied Mansouri's writ petition on the ground that Mansouri had a remedy by appeal. The next day, Mansouri filed a timely notice of appeal from the May 2011 order." (*Fleur du Lac Estates Assn. v. Mansouri* (2012) 205 Cal.App.4th 249, 252-254, fns. omitted (*Mansouri II*).)

In April 2012, in *Mansouri II*, we concluded that the May 2011 order was not appealable as a postjudgment order because there was no judgment, and consequently we dismissed her appeal. (*Mansouri II*, *supra*, 205 Cal.App.4th at pp. 251, 257, 259.) In doing so, we never reached the question of whether the trial court had erred in denying Mansouri's motion for reconsideration or relief based on excusable neglect relating to her fee motion and costs memorandum.

In October 2012, the Association prevailed on an unopposed motion for summary judgment in the arbitration proceeding. At that time, Mansouri was representing herself, and the arbitrators had denied her repeated requests for a continuance. The arbitrators issued an interim award compelling Mansouri to "resubmit a revised set of as-built plans" to the Association and dictating what was to happen if she failed to do so or if the Association refused to approve the plans. The arbitrators expressly "retain[ed] jurisdiction of this dispute until it is finally resolved" and deferred all claims for attorney fees and costs.

In January 2013, Mansouri filed a petition with the trial court in this proceeding to vacate the interim arbitration award. The trial court denied that petition in March 2013. Later that month, Mansouri filed for chapter 11 bankruptcy.

In May 2013, Mansouri appealed to this court the trial court's denial of her petition to vacate the interim arbitration award (case No. C073765). That appeal was stayed for the bankruptcy proceedings until September 2013, when the Association notified this court that the bankruptcy court had lifted the stay to allow the completion of the arbitration proceedings. Thereafter, Mansouri failed to designate the record on appeal, and this court dismissed the appeal in November 2013. Mansouri obtained permission from the bankruptcy court to retain counsel to attempt to reinstate the appeal, but by the time her counsel sought that relief this court had lost jurisdiction. The California Supreme Court denied review, and the remittitur issued in February 2014.

In April 2014, the Association filed a motion for $50,109.75 in attorney fees "incurred in connection with challenging and defending against . . . Mansouri's appeal and court challenges . . . against the arbitration panel's October 2012 decision." The Association claimed it was entitled to a fee award as "the prevailing party" under the CC & R's. Mansouri opposed the motion, contending that "[t]he extent to which either side has actually 'prevailed,' and to what degree, has yet to be determined. . . . [T]rial

6

courts make a 'prevailing party' determination once, based on a complete record, and do not award fees for piecemeal victories."

In July 2014, the trial court granted the Association's motion, concluding that "[b]ecause the requested fees are all directly related to [Mansouri's] last, unsuccessful appeal, a fees award is appropriate even though some issues remain outstanding in the arbitration." Mansouri timely appealed from the resulting formal order.

DISCUSSION

Mansouri contends the trial court erred in awarding attorney fees to the Association because the Association's fee motion was premature. We agree.

I

*Law Of The Case Did Not Make The Fee Motion Premature*

Mansouri first contends that under the doctrine of the law of the case,[2] the Association's fee motion was premature because we held in *Mansouri II* "that motions for an 'interim' award of attorney's fees . . . are improper." On this point, Mansouri is wrong. All we decided in *Mansouri II* was that the order from which Mansouri sought to appeal was not appealable. (*Mansouri II*, *supra*, 205 Cal.App.4th at pp. 251, 257.) We never reached the merits of Mansouri's fee motion and expressed no opinion as to the timeliness of that motion. Indeed, we specifically noted that "on appeal from the final judgment in this proceeding, Mansouri should be able to challenge the denial of her attorney fees motion and the granting of the Association's motion to strike her costs memoranda." (*Id.* at p. 258.) We would have had no occasion to note this if, as

---

[2] "The doctrine of the law of the case is this: That where, upon an appeal, the [S]upreme [C]ourt [or Court of Appeal], in deciding the appeal, states in its opinion a principle or rule of law necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout its subsequent progress, both in the lower court and upon subsequent appeal, . . . and this although in its subsequent consideration this court may be clearly of the opinion that the former decision is erroneous in that particular." (*Tally v. Ganahl* (1907) 151 Cal. 418, 421.)

7

Mansouri now contends, we had already decided that a motion for an interim award of fees was improper. Accordingly, Mansouri's reliance on the law of the case doctrine is misplaced.

II

*The Fee Motion Was Premature Nonetheless*

While we did not decide the propriety of a motion for an interim award of attorney fees in *Mansouri II*, that issue is now squarely before us. As we will explain, we agree with Mansouri that such a motion is improper.

In its fee motion, the Association sought a fee award pursuant to Civil Code sections 1717 and 5975, subdivision (c), and Code of Civil Procedure sections 1021, 1032, and 1033.5. The Association claimed that because "the CC & Rs controlling the underlying dispute" contain "at least two provisions [that] expressly require the award of attorneys' fees to the party prevailing in an action to enforce the CC & Rs," the Association was entitled to a fee award for prevailing on Mansouri's appeal in case No. C073765. The Association also contended it was entitled to a fee award under the fee statute in the Davis-Stirling Common Interest Development Act. (Civ. Code, § 5975, subd. (c).) The trial court agreed with both arguments. We do not agree with either.

We begin with the fee provisions in the CC & R's. Section 9.8(a) of the CC & R's provides that "[i]f any legal proceeding is initiated to enforce any of the provisions hereof,[3] the prevailing party shall be entitled to recover reasonable attorneys' fees in addition to the costs of such proceedings." Section 16.9 of the CC & R's provides that "[i]f any Owner or any assignee of any Owner hereunder shall bring an action in any

---

**3**    Because the Association provided us with only excerpts from the CC & R's, it is not clear whether "the provisions" referred to here are *all* of the CC & R's or only those related to matters that are required to be submitted to the Architectural Control Committee. For our purposes, however, it makes no difference.

8

court or initiate arbitration proceedings to resolve any controversy or claim arising out [of] or relating to this Declaration . . . , it is hereby mutually agreed that the prevailing party shall be entitled to reasonable attorneys fees and all costs and expenses in connection with said action, which sums shall be included in any judgment or decree entered in such action in favor of the prevailing party."

The proper interpretation of these fee provisions is informed by Civil Code section 1717, which provides in relevant part as follows:

"(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

"[¶] . . . [¶]

"(b) (1) The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2), the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section."[4]

Civil Code section 1717 makes clear that where a party seeks an award of attorney fees in an action "on a contract" based on a prevailing party fee provision within that contract, the right to such an award depends on whether the court determines that the party seeking the fee award "recovered a greater relief in the action on the contract" and

---

[4]    Civil Code section 1717, subdivision (b)(2) provides that "[w]here an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section."

9

was thus "the party prevailing on the contract." That determination *cannot* be made with respect to an interlocutory appeal like the one for which the Association sought a fee award here. Under Civil Code section 1717, "[t]he prevailing party determination is to be made only upon final resolution of the contract claims and only by 'a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions.' " (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 876.) " '[I]t is well settled a party who prevails on appeal is not entitled under a [Civil Code] section 1717 fee provision to the fees he incurs on appeal where the appellate decision does not decide who wins the lawsuit but instead contemplates further proceedings in the trial court.' " (*Mustachio v. Great Western Bank* (1996) 48 Cal.App.4th 1145, 1149-1150, quoting *Presley of Southern California v. Whelan* (1983) 146 Cal.App.3d 959, 961-962.) "An attorney fee award under a provision such as the one involved here must wait until the lawsuit is completely and finally decided [citation]." (*Presley of Southern California,* at p. 961.)

Nothing in the fee statute contained in the Davis-Stirling Common Interest Development Act leads to a different result. That statute provides that "[i]n an action to enforce the governing documents [of a common interest development or association], the prevailing party shall be awarded reasonable attorney's fees and costs." (Civ. Code, § 5975, subd. (c).) Similar to Civil Code section 1717, this statute authorizes a fee award to "the prevailing party" "[i]n an action to enforce the governing documents" of a common interest development or association. The determination of which party is *the* prevailing party in such an action can only be made once the action is complete and finally decided. The present action is neither.

The same result flows from the costs statutes on which the Association relied in its fee motion (Code Civ. Proc., §§ 1021, 1032, 1033.5). Much like the Association here, the plaintiff in *Presley of Southern California* contended that an award of contractual attorney fees for a successful appeal prior to the final resolution of the case was "proper because [the plaintiff was] entitled to its costs on appeal and the fee provision in the

contract simply add[ed] attorney fees as an element of costs." (*Presley of Southern California v. Whelan, supra,* 146 Cal.App.3d at p. 962)  The appellate court rejected that argument as follows:  "The provisions allowing costs on appeal (Code Civ. Proc., § 1034 and Cal. Rules of Court, rule 26 [now rule 8.278]) . . . are entirely separate from the contractual provision for fees and do not depend on the party winning the appeal being *the ultimate prevailing party*.  [The plaintiff's] contention is inconsistent with the well settled rule excluding attorney fees from the costs a party winning an appeal may recover under section 1034 [citations]."[5]  (*Presley of Southern California*, at p. 962, italics added.)

In other words, a determination by an appellate court that a party is entitled to recover its costs on appeal because that party is the prevailing party *in the appeal* (see Cal. Rules of Court, rule 8.278) is completely separate from, and does not necessarily have any bearing on, the determination of whether that party is entitled to an award of attorney fees under a contractual fee provision as the prevailing party *in the action on that contract*.  Civil Code section 1717 "ties the fee entitlement not to a costs award, but to a determination of which party 'recovered a greater relief in the action on the contract.' " (*Snyder v. Marcus & Millichap* (1996) 46 Cal.App.4th 1099, 1104.) Accordingly, the award of costs on appeal to the Association as the prevailing party on appeal in case No. C073765 did *not* entitle the Association to recover its attorney fees for that appeal.  Any right the Association may have to recover its attorney fees for the appeal in case No. C073765 depends on whether the Association ultimately is determined to be *the* prevailing party in this action, once the action is finally resolved.  The interim

---

**5**     Subdivision (b) of Code of Civil Procedure section 1034 provides that "[t]he Judicial Council shall establish by rule allowable costs on appeal and the procedure for claiming those costs."  The allowable costs set forth in rule 8.278(d) of the California Rules of Court do *not* include attorney fees.

11

victory the Association won in successfully defending against Mansouri's interlocutory appeal in case No. C073765 did not give the Association the right to a separate fee award for that appeal because "in any given lawsuit there can only be one prevailing party on a single contract for the purposes of an entitlement to attorney fees." (*Frog Creek Partners, LLC v. Vance Brown, Inc.* (2012) 206 Cal.App.4th 515, 531.)

Because the Association's motion for attorney fees incurred on appeal in case No. C073765 was premature, the trial court erred in granting that motion.

DISPOSITION

The order granting the Association's motion for attorney fees is reversed, and the matter is remanded to the trial court with instructions to enter a new order denying that motion.  Mansouri shall recover her costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)


                                                      ROBIE           , Acting P. J.


We concur:


     MAURO         , J.


     HOCH          , J.