Mario Pittont, J.
Motion to strike the answer pursuant to section 299 of the Civil Practice Act, or in the alternative for other relief under sections 289 and 296 of the Civil Practice Act.
The action is for personal injuries allegedly sustained by the plaintiff while working on a school construction project in Yonkers, New York. The defendant was the prime contractor and the plaintiff, an employee of the subcontractor. A scaffold on which the plaintiff was working collapsed. The accident happened on January 15, 1958 at about 2:45 p.m.
*648 Pursuant to notice dated August 25, 1958 and cross notice dated August 26, 1958 examinations before trial of the parties were scheduled for October 1,1958, but these examinations were commenced on December 29, 1958 at the offices of the attorneys for the defendant in New York City. At the start of the examinations it was stipulated that “ all objections except as to form of the question are reserved to the time of the trial ’ ’. An examination of the plaintiff was held thereafter in which frequent objections were made on the grounds of irrelevancy with the examining counsel then stating’ that he was reserving his rights to obtain a ruling. Nevertheless, an examination of considerable length (85 pages) was held. About 4:45 p.m. an examination of Felix Sarubbi was commenced. In response to a question concerning how many men the defendant had working on the job on January 14, 1958 Sarubbi stated, “I can tell by my records, my payroll records ”, and in answer to another question he said that the payroll records would tell where the Sarubbi employees were o°n any particular day. Although the notice of examination had directed the production of the payroll records, the defendant had not produced them. An inspection of the transcript of Sarubbi’s examination does not disclose that he had any other record which would show where the defendant’s employees were working on a particular day. The counsel could not agree to an adjournment of the examination, and the plaintiff’s counsel would not proceed without the records.
While section 299 of the Civil Practice Act permits the court to strike an answer for willful failure to produce books required by a notice, the court does not believe the papers submitted show willfulness. Therefore, the motion for relief under section 299 is denied.
In view of the fact that little examination of the defendant was held before the impasse was reached on the records, the alternative relief requested by the plaintiff pursuant to sections 289 and 296 in (2) and (3) of the notice of motion is granted. The observation is made that on the examination the questions asked should be answered unless clearly irrelevant. Not only did the parties stipulate that they would only object as to the form of the question, but the authorities hold that objections pertaining to the materiality or competency of the evidence should be left for the trial court. (Kleinfield v. Katz, 265 App. Div. 948; Guenther v. Ridgway Co., 159 App. Div. 74.) The examination should be held at Supreme Court, Special Term, 33 Willis Ave., Mineola, N. Y., on June 8,1959 at 11:00 a.m.
In opposition to the motion the defendant requests among other things a further examination of the plaintiff. Aside from *649 the failure of the defendant to make any formal motion for such relief, the papers submitted do not reveal the need for a continuance of the examination. However, the plaintiff should subscribe and return the transcript of the examination forwarded to him by the defendant.
Settle order on notice.