■     RAMON GALARZA, Appellant-Respondent, v. ALCOA STEAMSHIP Co. INC., Respondent-Appellant.— Orders, Supreme Court, New York County, entered on December 13, 1971 and March 15, 1972, unanimously modified, on the law and the facts, so as to grant plaintiff leave to amend his bill of particulars to allege aggravation or activation of discogenic disease and otherwise affirmed, without costs and without disbursements. Although it is true as stated by Special Term, that plaintiff failed to submit a physician's affidavit indicating that he had a pre-existing back condition which was aggravated by the accident, defendant itself pleaded the existence of a prior condition in its answer and offered proof thereof at the first trial wherein plaintiff recovered judgment in the sum of $75,000. However, this court reversed and remanded for a new trial on the issue of damages only. (34 A D 2d 907.) Under the facts herein, defendant is not prejudiced by the amendment. It has had ample notice of the plaintiff's condition since it is defendant who asserts it. Furthermore, defendant has known

since the end of the first trial in October, 1969 that plaintiff would claim aggravation for at that time he moved for leave to amend to allege aggravation. CPLR 3025 (subd. [b]) provides that as to the amendment of pleadings by leave of the court, "Leave shall be freely given upon such terms as may be just", and while the section does not expressly apply to bills of particulars, Weinstein-Korn-Miller, N. Y. Civ. Prac. (vol. 3, par. 3041.21) points out that the standard used in deciding motions for leave to amend bills of particulars appears to be akin to that under CPLR 3025 (subd. [b]) for amended pleadings. Thus leave to serve an amended bill of particulars in the absence of a showing of prejudice should be freely granted. (*Kerlin* v. *Green*, 36 A D 2d 892; *Mermelstein* v. *Lee*, 23 A D 2d 689.) Concur — Stevens, P. J., Nunez, Murphy, Tilzer and Capozzoli, JJ.