OPINION OF THE COURT
Frank Composto, J.
In this medical malpractice action, plaintiff moves by order to show cause, dated the 30th day of August, 1979, for leave to serve an amended bill of particulars as annexed to the moving papers and marked Exhibit "D” to include, among other things, the "wrong ward” theory in the amended bill of particulars.
In essence, plaintiff contends that his decedent was suffering an advanced and acute stage of asthma with pulmonary pathology and needed the care of doctors and nurses trained in internal medicine. That in spite of her symptoms, decedent was placed in defendant’s obstetrics ward and was cared for by doctors and nurses trained in obstetrics and gynecology. This is the "wrong ward” theory that plaintiff wants to be included in his case.
This action was previously tried before a jury in this court and resulted in an award of $275,000 against defendant hospital. On appeal, the Appellate Division, Second Department, reversed and granted a new trial (Killeen v Reinhardt, 71 AD2d 851). The appellate court, in reversing, relied upon Hamilton v Presbyterian Hosp. of City of N. Y. (25 AD2d 431, app dsmd 17 NY2d 719). Hamilton (supra) held that where the jury renders a general verdict upon a case where several theories of recovery are advanced, the judgment cannot be sustained if any one of the theories cannot be sustained.
The appellate court agreed with the trial court that because plaintiff did not include it in his bill of particulars, the "wrong ward” theory was not properly in the case, although inexplicably charged to the jury. The appellate court held that of the six theories properly presented to the jury, three theories were not sustained by the evidence.
The proposed amended bill of particulars, annexed to the moving papers, alleges the "wrong ward” theory and alleges *369 further particulars with respect to the various theories which the appellate court held were not sustained by the evidence.
Defendant opposes the motion on the ground that the determination by the trial court (sustained by the Appellate Division), that plaintiff is bound by his bill of particulars, is the law of the case and plaintiff may not now be permitted to prove the "wrong ward” theory. Plaintiff has included in his bill of particulars additional information in regard to the theories which the appellate court held were not sustained. Defendant urges that plaintiff should not be permitted to so amend his bill. Defendant further contends that plaintiff has waived his right to amend by the failure to so move at the trial, and to permit the amendments at this time, almost eight years after the incident, would prejudice defendant.
 Whether the law of the case applied to the ruling of the trial court is of no import upon a new trial ordered by an appellate court. The law of the case rule is not an inflexible doctrine, but is a concept that "frequently is applied as a matter of judicial discretion or out of respect for the judgment of fellow judges at the same level of the judiciary rather than in accordance with relatively fixed and nondiscretionary rules.” (5 Weinstein-Korn-Miller, NY Civ Prac, par 5011.09; 7 Weinstein-Korn-Miller, NY Civ Prac, par 5501.11.) The law of the case doctrine does not have binding force on appeal as the appellate court is on a higher level of the judiciary. (Martin v City of Cohoes, 37 NY2d 162, 165; Burgundy Basin Inn v Watkins Glen Grand Prix Corp., 51 AD2d 140, 143; Puro v Puro, 89 Misc 2d 856, 859.)
The reversal of the judgment left the parties in the same position as though there had been no trial. And, unless the appellate court expressly limited the issues, the new trial was unlimited in scope (see 10 Carmody Wait 2d, NY Prac, pars 70:429-70:456; Taylor v New York Life Ins. Co., 209 NY 29, 34; Matter of Sipal Realty Corp. v William, 15 AD2d 456). It does not appear that the Appellate Division has limited the issues in this action. It merely indicated that some of the theories had not been proven and that the "wrong ward” theory was not in the case. A grant of a new trial gives the litigants another opportunity to supply evidence where it was deficient in,the first trial (Brown v Metropolitan Life Ins. Co., 41 AD2d 930, 932).
 Under the facts in this case, the defendant will not be prejudiced by the amendment. Defendant knew that plaintiff *370 would assert the "wrong ward” theory as plaintiff did in the first trial. As to the other particulars, plaintiff should have the right to set his pleading in order before trial. Leave to amend a pleading in the absence of prejudice, should be freely given upon such terms as may be just (CPLR 3025, subd [b]).
Plaintiff should be permitted to amend his bill of particulars prior to the new trial (Westmoreland v Wilgo Realty Corp., 45 AD2d 887; Galarza v Alcoa S. S. Co., 41 AD2d 923).
The bill of particulars annexed to the moving papers shall be deemed served. Defendant may, if it be so advised, conduct further examinations before trial of plaintiff with respect to the items in the amended bill of particulars, at Special Term, Part II, of this court on a day and at a time mutually agreed upon between the parties, within 30 days after service of a copy of the order to be entered herein.