616 P.2d 417

**STATE of New Mexico, Petitioner,**

v.

**Robert T. MONTOYA, Defendant–Appellant.**

**No. 12608.**

Supreme Court of New Mexico.

Aug. 29, 1980.

See also 92 N.M. 734, 594 P.2d 1190.

G. Hank Farrah, Albuquerque, for defendant–appellant.

Jeff Bingaman, Atty. Gen., James F. Blackmer, Asst. Atty. Gen., Ira Robinson, Dist. Atty., Jeffrey Romero, Asst. Dist. Atty., Albuquerque, for petitioner.

OPINION

FELTER, Justice.

Subsequent to his conviction of "Failure to Appear", a felony, defendant–appellant, Robert T. Montoya (Montoya), was charged by supplemental information under the Habitual Offender Act. Montoya was found by the jury to be a four–time convicted felon and sentenced to life imprisonment,

from which sentence he appeals to this Court. We affirm.

The two questions to be decided on appeal are (1) whether one of the felony convictions relied on by the State, a Federal conviction (in New Mexico) for Illegal Purchase of Heroin, 26 U.S.C. § 4704(a) (1964) (repealed 1971), constitutes a felony under the laws of New Mexico for purposes of the Habitual Offender Act, and (2) whether the trial court erred in admitting into evidence, fingerprint cards purportedly of Montoya.

By order entered on September 7, 1978, the trial judge found that purchase of heroin contrary to 26 U.S.C. § 4704(a), would not be a crime under the laws of the State of New Mexico, and therefore struck Count 3 of the Supplemental Information. Upon an interlocutory appeal, the Court of Appeals reversed the finding and order which struck the allegation of the prior federal conviction. A petition for certiorari was filed and denied by this Court on May 1, 1979. The case proceeded to trial after mandate from the Court of Appeals on May 2, 1979.

■ It is now the law of this case that purchase of heroin contrary to 26 U.S.C. § 4704(a) is a crime, which, if committed within this state would be a felony under the laws of New Mexico. The decision of the Court of Appeals to that effect is final, certiorari having been denied and a mandate issued.

In its decision, this Court in *Crary v. Field*, 10 N.M. 257, 61 P. 118 (1900) quoted with approval from the case of *Phelan v. San Francisco*, 20 Cal. 39, 45, as follows:

"A previous ruling by the Appellate Court upon a point distinctly made may be only authority in other cases, to be followed and affirmed, or to be modified or overruled according to its intrinsic merits, but in the case in which it is made it is more than authority; it is a final adjudication, from the consequences of which the court cannot depart, nor the parties relieve themselves."

*Id.* 10 N.M. at 264, 61 P. at 119.

That the determination was made by the New Mexico Court of Appeals, and not this Court, is of no consequence.

Generally, the final decision of an intermediate appellate court, when not reviewed or otherwise set aside by an appellate court of higher authority, has the same finality as a decision of the highest court.

*Tucson Gas & Electric Company v. Superior Court*, 9 Ariz.App. 210, 450 P.2d 722, 724 (1969).

The rule applies even though the subsequent appeal comes before this court whereas the prior appeals were before Courts of Appeal.

*Davies v. Krasna*, 14 Cal.3d 502, 121 Cal. Rptr. 705, 708, 535 P.2d 1161, 1164 (footnote 4) (1975).

"The doctrine of law of the case has long been recognized in New Mexico, since before statehood * * * and since after statehood." *Ute Park Summer Homes Ass'n. v. Maxwell Land G. Co.*, 83 N.M. 558, 560, 494 P.2d 971, 973 (1972).

*Demers v. Gerety*, 92 N.M. 749, 758, 595 P.2d 387, 396 (Ct.App.1978).

And there is good reason for the Court's adherence to the doctrine:

The function of courts is to put an end to litigation. If final decisions, whether they be of the trial court, when there has been no appeal, or that of an intermediate court, when there has been no review granted, are not given this finality, then the prime goal of the judicial process will be proportionately defeated.

*Tucson Gas & Electric, supra,* 450 P.2d at 724–725.

[T]he need for attributing finality to considered judicial determinations compels adherence to the previous decision.

*People v. Durbin*, 64 Cal.2d 474, 50 Cal.Rptr. 657, 659, 413 P.2d 433, 435 (1966).

■ The fate of the defendant in the case at bar does not rest upon the doctrine of the law of the case. Independently of that doctrine his conviction should be affirmed. Application of the law of the case

to the issue before us does no violence to justice in this case. The Federal conviction was had in New Mexico upon a purchase of heroin in New Mexico. "Purchase" is defined in Webster's Third New International Dictionary (1966), "to get into one's possession: gain, acquire; to obtain by paying money or its equivalent." The same dictionary defines "acquire" as "to come into possession, control or power of disposal of, often by some uncertain or unspecified means."

"Purchase", "acquire" and "possession" are not words of art or legal terms, but are generic. They should be given their usual and customary meanings. Accordingly, the "purchase" of heroin necessarily includes the actual or constructive "possession" of heroin, and actual or constructive possession of heroin is a felony under the laws of New Mexico. Sections 30–31–6 (Schedule I(B)(10) and 30–31–23(A) and (B)(5), N.M. S.A. (1978); *State v. Bowers*, 87 N.M. 74, 529 P.2d 300 (Ct.App.1974); *State v. Montoya*, 85 N.M. 126, 509 P.2d 893 (Ct.App.1973). *See State v. Bauske*, 86 N.M. 484, 525 P.2d 411 (Ct.App.1974).

 Corrections Officer Ralph Gonzales testified without dispute that on May 15, 1979 he: (1) personally took the defendant's fingerprints, on State's Exhibit 8; (2) saw the defendant sign his name thereon ("Robert T. Montoya"); (3) signed his own name thereon ("Ralph Gonzales"); and (4) took the defendant's photograph and attached it to State's Exhibit 8. Gonzales also testified that there were no changes or alterations to the card or the material thereon except for the addition of the initials "VC" and the date "5/16/79" written thereon by someone other than Gonzales, and he further identified the defendant as the person from whom he obtained the fingerprints on State's Exhibit 8 and whose picture he attached to the exhibit on May 15, 1979.

The next witness, Vince Capella (initials "VC") testified that he personally examined the State's Exhibit 8 and compared the fingerprint impressions thereon with fingerprint records of the defendant admitted into evidence with the defendant's prior convictions and prison records, and found them to be identical.

The fact that Ralph Gonzales had handed State's Exhibit 8 to another corrections officer, attached to another sheet, and that he did not know who put the initials "VC" and the date "5/16/79" on the card are of no consequence in view of the evidence presented and the law applicable thereto as set forth above. State's Exhibit 8 was admissible and Montoya's claim of error as to its admission is without merit.

The judgment and sentence are affirmed.

IT IS SO ORDERED.

SOSA, C. J., and EASLEY, J., concur.