745 P.2d 1153

**Kenneth REESE, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

**No. 16658.**

Supreme Court of New Mexico.

Nov. 19, 1987.

**506**

Jacquelyn Robins, Chief Public Defender, Lynne Fagan, Appellate Defender, Santa Fe, for petitioner.

Hal Stratton, Atty. Gen., Santa Fe, for respondent.

## OPINION

SOSA, Senior Justice.

Our original opinion in this case was filed on September 1, 1987, 106 N.M. 498, 745 P.2d 1146. The State filed its motion for rehearing and we granted the State's motion. Upon consideration of the State's motion, we deny the relief sought by the State and amend our original opinion by adding the following thereto.

In our original opinion we overruled *Rutledge v. Fort*, 104 N.M. 7, 715 P.2d 455 (1986), insofar as that decision holds that a defendant's knowledge as to the identity of a police officer is not a necessary element of the crimes defined in NMSA 1978, Sections 30–22–22 and 30–22–24 (Repl.Pamp. 1984 & Cum.Supp.1987). We issued our opinion without realizing that the case we were deciding (*Reese v. State*) was in fact the same case as to *Rutledge v. Fort*. In *Rutledge* we issued a writ of superintending control prohibiting the trial court from giving a jury instruction which would require a finding that the defendant knew that the man he had assaulted was a police officer. When that case (styled *Reese v. State*) came before us on appeal, we ruled that a necessary element of the crime of assaulting a police officer is the defendant's knowledge of the identity of his victim. The State argues on rehearing that we have arrived at an impossible conclusion because the law of the case precludes our reaching a result on appeal that differs from the result we initially reached when granting the writ of superintending control.

We disagree with the State. The State did not advise us that the real parties in interest in *Reese v. State* and *Rutledge v. Fort* were the same. The State in fact filed no response to Reese's petition for writ of certiorari, and for that reason alone the State could be held to have waived its subsequent claim that the law of the case precludes our variant ruling in *Reese*. We do not, however, base our decision here on the State's waiver of its claim to assert the law of the case. Instead, we base our decision on the broader policy rationale underlying the doctrine of the law of the case.

We long ago stated the theory underlying this doctrine as follows:

> The doctrine of the law of the case is not a rule to which we are bound by any legislative enactment. In so far (sic) as we are bound, it is because we have so bound ourselves, or choose so to bind ourselves by our decisions. By those courts which refuse, under some circumstances, to be bound by it, it is pointed out that when we conclude that a former decision is erroneous, and we still have the opportunity to correct it as affecting those parties whose interests are concerned in the original ruling, we should apply the law of the land rather than the law of the case. * * * [W]e feel that is better and more just to apply in this case what we find to be the law of the land. As affects the parties concerned, the evil effects of so doing are trivial as compared to the unfortunate consequences of perpetuating the error.

*Farmers' State Bank v. Clayton Nat'l Bank*, 31 N.M. 344, 355–56, 245 P. 543, 548 (1925).

This decision is in keeping with the majority understanding of the doctrine of the law of the case which has been stated as follows:

> [S]ince the doctrine of the law of the case is merely one of practice or court policy, and not of inflexible law, so that appellate courts are not absolutely bound thereby, but may exercise a certain degree of discretion in applying it, there are many holdings in which the courts have retreated from any inflexible rule requiring the doctrine to be applied regardless of error in the former decision, and it has been said that the doctrine should not be utilized to accomplish an obvious injustice, or applied where the former appellate decision was clearly, palpably, or manifestly erroneous or unjust.

5 Am.Jur.2d *Appeal and Error* § 750 at 194 (1962). *See also Killeen v. Community Hosp. at Glen Cove*, 101 Misc.2d 367, 369, 420 N.Y.S.2d 990, 992 (1979) (law of the case is discretionary); *Greene v. Rothschild*, 68 Wash.2d 1, 414 P.2d 1013 (1966) (if application of the doctrine would work a manifest injustice to one party the erroneous decision should be disregarded and set aside); Note, *Successive Appeals and the Law of the Case*, 62 Harv.L.Rev. 286, 288 (1948) ("Today almost all courts would probably reverse the prior ruling if convinced that it stated a bad rule of law and should be overruled.") Note, *The Doctrine of the Law of the Case*, 17 Miss.L.J. 170 (1945) (law of the case must not be confused with *stare decisis* and *res judicata*, both of which are binding, while law of the case is discretionary); Vestal, *Law of the Case; Single–Suit Preclusion*, 1967 Utah L.Rev. 1 (application of the doctrine can be misleadingly broad), *see generally* Annotation, *Erroneous Decision as Law of the Case on Subsequent Appellate Review*, 87 A.L.R.2d 271 (1963).

It is obvious from the above that we may deviate from the law of the case doctrine in the situation before us if to apply the doctrine would result in a manifest injustice. We hold that such would be the case here. Were we to adhere immutably to the law of the case, the defendant Reese would be denied a fair trial. As we stated in our original decision, to deny Reese the right to have the jury informed as to his apprehension of the identity of the person he assaulted would be to deny him the right to have the jury apprised of a necessary element of the crime for which he was charged, and that in turn would be to deny Reese his constitutional guarantee of due process of law.

Accordingly, the State's motion for rehearing is denied, and the holding in our original opinion is affirmed for the reasons set forth herein.

IT IS SO ORDERED.

WALTERS, J., concurs.

RANSOM, J., specially concurring in opinion on rehearing.

SCARBOROUGH, C.J., dissents.

STOWERS, J., dissents, with opinion.

RANSOM, Justice (specially concurring in opinion on rehearing).

I agree with the language cited from *Farmer's State Bank v. Clayton Nat'l Bank*, but I also agree that under the technical circumstances of that case the Court was not "endangering the orderly and expeditious administration of the law by refusing * * * to apply the doctrine of the law of the case." 31 N.M. at 356, 245 P. at 548. Justice Watson, who authored that opinion, was careful in a later opinion to note that it is not only the part of wisdom, but a high duty, to pursue a consistent course when what is held to be the law of the case is not "clearly erroneous." *Sanchez v. Torres*, 38 N.M. 556, 567, 37 P.2d 805, 812 (1934). This "clearly erroneous" exception is well stated in words quoted herein by Senior Justice Sosa: "[T]he doctrine should not be utilized to accomplish an obvious injustice, or applied where the former appellate decision was clearly, palpably or manifestly erroneous or unjust."

Another concern is that this Court's composition has altered since it decided *Rutledge*. Dissenting in *Pollock v. Farmers'*

*Loan & Trust Co.,* 157 U.S. 429, 652, 15 S.Ct. 673, 716, 39 L.Ed. 759 (1895), Justice White observed that the fundamental conception of a judicial body is that of one hedged about by precedents which are binding on the court without regard to the personality of its members. He argued eloquently that no court should indifferently depart from the settled conclusions of its predecessors and determine them all according to the mere opinion of those who temporarily fill the bench.

With these principles well in mind, I conclude that the precedential value of the *Rutledge* opinion is minimized by the fact that it was only recently decided by a divided court on a vote of three to two, and that its reliance on *Feola* [420 U.S. 671, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975)] was misplaced. I am persuaded that manifest injustice would result if conviction were to be allowed without proof negating an honest and reasonable belief that the victim of defendant's assault was an ordinary citizen, not acting under color of law.

STOWERS, Justice, dissenting.

In view of the fact that the majority opinion submitted in this case has been amended, I wish to amend my dissent to include the following pertinent points.

The lengthy review in this case was initiated by the district court's October 3, 1985 order denying the State of New Mexico's (the State) motion to conform an instruction to the Uniform Jury Instruction in the case of *State v. Reese.* The State then filed a petition for writ of superintending control in the Supreme Court on November 4, 1985. On December 4, 1985, the Supreme Court issued an alternative writ of superintending control restraining and prohibiting the district court from giving a jury instruction that did not conform to the Uniform Jury Instruction applicable to the criminal prosecution. On March 4, 1986, the Supreme Court issued an opinion and judgment making permanent the alternative writ of prohibition. Although the March 4, 1986 opinion was captioned *Rutledge v. Fort,* as the majority now concedes, the *Rutledge* case is the same case

as *Reese v. State;* Thomas Rutledge, as the district attorney for the Fifth Judicial District, was named as petitioner for the State, and the Honorable Harvey W. Fort, as the district court judge hearing the case, was named as respondent. The real party in interest remained defendant Kenneth Reese (Reese).

It is my opinion that the doctrine of the law of the case precludes this Court from issuing a subsequent decision after the original March 4, 1986 judgment became final. The September 1, 1987 opinion and the current opinion in this case should be recalled and certiorari quashed.

"The doctrine of law of the case has long been recognized in New Mexico, since before statehood and since soon after statehood." *Ute Park Summer Homes Ass'n v. Maxwell Land Grant Co.,* 83 N.M. 558, 560, 494 P.2d 971, 973 (1972) (citations omitted).

A previous ruling by the Appellate Court upon a point distinctly made may be only authority in other cases, to be followed and affirmed, or to be modified or overruled according to its intrinsic merits, but in the case in which it is made it is more than authority; it is a final adjudication, from the consequences of which the court cannot depart, nor the parties relieve themselves.

*State v. Montoya,* 94 N.M. 704, 705, 616 P.2d 417, 418 (1980) (quoting *Crary v. Field,* 10 N.M. 257, 264, 61 P. 118, 119 (1900).

It has long been the rule that a final judgment is conclusive as to a claim in controversy between the parties as to every matter which was offered to sustain or defeat the claim. "Public policy requires that there be an end to litigation and that rights once established by a final judgment shall not again be litigated in any subsequent proceeding." *Ealy v. McGahen,* 37 N.M. 246, 251, 21 P.2d 84, 87 (1933). This rule of law has been consistently followed.

*Royal Int'l Optical Co. v. Texas State Optical Co.,* 92 N.M. 237, 243, 586 P.2d 318, 324 (Ct.App.), *cert. denied,* 92 N.M. 260, 586 P.2d 1089 (1978), *cert. denied,* 442

U.S. 930, 99 S.Ct. 2860, 61 L.Ed.2d 297 (1979) (citations omitted). "[T]he need for attributing finality to considered judicial determinations compels adherence to the previous decision." *State v. Montoya,* 94 N.M. 704, 705, 616 P.2d 417, 418 (1980) (citation omitted). "The law of the case, whether right or wrong, is controlling on the second appeal." *Royal Int'l Optical Co.,* 92 N.M. at 243, 586 P.2d at 324.

In its most recent opinion in this case, the majority quotes a 1925 case wherein this Court reversed a judgment contrary to the principles of the law of the case doctrine. However, in order to justify this diversion, the Court in *Farmers' State Bank v. Clayton National Bank,* 31 N.M. 344, 245 P. 543 (1925) was forced to distinguish their case on two grounds. First, the Court stated that the doctrine had never been applied in New Mexico in a case where the former holding was wrong; and second, it had never been applied in New Mexico except on a second appeal of the same case. *Id.* at 354, 245 P. at 547.

With respect to the second distinction, the Court noted:

> While the two cases, which we are considering, are so interrelated that it is difficult to think of them otherwise than as the same case, still they are not technically such. Such a situation as this is not often likely to arise in our courts. Our search for precedents satisfies us that such a situation has not often arisen in other courts. We therefore feel that we are not endangering the orderly and expeditious administration of the law by refusing here to apply the doctrine of the law of the case.

*Id.* at 355, 245 P. at 548.

With respect to the first distinction, the courts of New Mexico have addressed the effect of an alleged error in a former appellate decision since the *Farmers' State Bank* case. *See, e.g., Royal Int'l Optical Co.,* 92 N.M. at 237, 586 P.2d at 318. Like New Mexico, many courts of other jurisdictions have taken the view that the law of the case doctrine "should be applied regardless of whether it is made to appear that the issues were mistakenly or errone-

ously decided on the original appeal, and, indeed, that it is only where the first decision was erroneous that there is any necessity for the doctrine to operate." 5 Am. Jur.2d *Appeal and Error* § 750 (1962).

> [W]here, upon an appeal, the Supreme Court, in deciding the appeal, states in its opinion a principle or rule of law, necessary to the decision, that principle or rule becomes the law of the case, and must be adhered to throughout its subsequent progress, both in the lower court and upon subsequent appeal, ... although in its subsequent consideration, this court may be clearly of the opinion that the former decision is erroneous in that particular.

*Tally v. Ganahl,* 151 Cal. 418, 421, 90 P. 1049, 1050 (1907).

> The doctrine of the law of the case presupposes error in the enunciation of a principle of law applicable to the facts of a case under review by an appellate tribunal. It presupposes error because, if the governing principle of law had been correctly declared, there would be no occasion for the invocation of the doctrine. The sole reason for the existence of the doctrine is that the court, having announced a rule of law applicable to a retrial of facts, both parties upon that retrial are assumed to have conformed to the rule, and to have offered their evidence under it, under which circumstances it would be a manifest injustice to either party to change the rule upon the second appeal.

*Allen v. Bryant,* 155 Cal. 256, 258, 100 P. 704, 705 (1909).

In its current opinion, the majority also quotes an Am.Jur.2d article which proposed a more flexible approach to the law of the case doctrine. The article also stated: "although an appellate court, on a subsequent appeal, has the 'abstract power' to reach a result inconsistent with its decision on the first appeal in the same case, this power should be exercised very sparingly and only under extraordinary conditions and that the law of the case will not be re-examined in the absence of unusual circumstances leading to injustice or unfair-

ness." 5 Am.Jur.2d *Appeal and Error* § 750 (1962).

The present case does not present unusual circumstances or extraordinary conditions. Further, neither the statute nor the facts of this case have changed since the original 1986 *Reese* opinion was filed. The only alteration since the first opinion is the composition of this Court, and as pointed out by Justice Ransom in his most recent special concurrence, the particular personalities of the bench should have no effect on the precedents binding on the Court.

Finally, for the reason stated in my first dissent in this case, it is my contention that regardless of the law of the case doctrine, the original *Reese* opinion should be affirmed as it correctly disposed of the issues in this case.