■ ANGELA RODRIGUEZ, Respondent-Appellant, v NEW YORK CITY HOUSING AUTHORITY, Appellant-Respondent. [626 NYS2d 240] —In an action to recover damages for personal injuries, the defendant appeals from (1) a judgment of the Supreme Court, Kings County (Held, J.), entered December 18, 1992, which, upon a jury verdict as to liability, found the defendant 100% at fault in the happening of the accident, and, upon a jury verdict as to damages, is in favor of the plaintiff and against the defendant in the principal sum of $875,000 for past pain and suffering, and (2) an order of the same court, dated January 22, 1993, which denied its motion to set aside the verdict as to damages, and the plaintiff cross-appeals from so much of the judgment as awarded her no damages for future pain and suffering.

Ordered that the judgment is reversed, on the law and the facts, and a new trial is granted on liability, to be followed, if necessary, by a new trial on damages; and it is further,

Ordered that the appeal from the order is dismissed as academic; and it is further,

Ordered that the award of costs is to abide the event of the new trial or trials; and it is further,

Ordered that the plaintiff is granted leave to serve a supplemental bill of particulars alleging the plaintiff's incontinence, and any additional physical infirmities, within 30 days after

service upon her of a copy of this decision and order, with notice of entry; and it is further,

Ordered that prior to any new trial, the plaintiff shall submit to an examination by a qualified medical expert at a time and place to be set forth in a written notice by the defendant of at least 10 days, or at such time and place as the parties may agree.

The plaintiff claimed she was injured as she descended broken steps in front of 868 Park Avenue in Brooklyn. There was no banister bordering those steps, but there was a fence nearby.

At the liability trial, the defendant attempted to impeach the plaintiff's credibility as to where and how the accident occurred, by introducing evidence of a verified notice of claim, signed by her, which stated that the accident occurred in front of 878 Park Avenue. The notice of claim was clearly admissible under CPLR 4514, which permits impeachment with a prior inconsistent statement "made in a writing subscribed" by a witness (CPLR 4514). Although the plaintiff claimed that she could not read the notice of claim because she did not understand English, and that no one read it to her, these factors went to the weight and not the admissibility of the notice of claim (see, Larkin v Nassau Elec. R. R. Co., 205 NY 267).

The trial court also excluded portions of the plaintiff's testimony at an examination before trial, wherein the plaintiff stated, inter alia, that she was holding onto a banister when she "slipped" down the stairs, and fell because her friend "blocked me in the front". Indeed, the trial court excluded from evidence any answers by the plaintiff to questions that called for a "narrative answer", on the ground that the "usual stipulation" at an examination before trial is that "[a]ll objections as to form [are] reserved for the trial court". The plaintiff's testimony at her examination before trial was clearly admissible under CPLR 3117, which permits "the deposition of a party" to be used "for any purpose" by an adverse party (CPLR 3117 [a] [2]). The trial court's assertion that all objections as to the form of questions posed at an examination before trial are generally reserved for the trial court is clearly not the case (see, Derico v Pancrazio A. Sarubbi, Inc., 19 Misc 2d 647, 648 [parties at deposition stipulate that all objections "except as to form of the question are reserved" for the trial court]). Indeed, CPLR 3115 (b) specifically provides that objections to the form of questions

posed at a deposition "are waived unless reasonable objection thereto is made at the taking of the deposition".

The trial court exacerbated these errors when it permitted the court interpreter to act as a witness. The defendant's attorney was permitted to introduce evidence that the plaintiff testified at a hearing pursuant to General Municipal Law § 50-h that she was holding on to a "banister" when she fell. However, to diminish the impact of this discrepancy, the plaintiff's attorney asked the interpreter, who was not sworn as a witness, whether the plaintiff could have used the Spanish word "veranda", which could also mean "fence". The interpreter was not present at the section 50-h hearing and could not have known what word the plaintiff used. Over objection, he was permitted to state "[i]t could be".

At the trial on damages, the plaintiff was permitted, over objection, to introduce evidence that she suffered from incontinence. This condition was not mentioned in her bill of particulars, nor in her amended bill of particulars, nor in her supplemental bill of particulars. The defendant's request for a one-day adjournment to have the plaintiff examined by a urologist was denied. We find that incontinence cannot be considered a "natural sequelae" of the plaintiff's herniated disc condition *(Meeks v City of New York,* 193 AD2d 465). Accordingly, evidence of incontinence should not have been admitted, at least without affording the defendant an opportunity to examine the plaintiff to determine the veracity of her claim.

Accordingly, a new trial is granted on liability, to be followed, if necessary, by a new trial on damages. Further, prior to retrial, the plaintiff may supplement her bill of particulars to claim incontinence and any additional infirmities, and the defendant may conduct an additional medical examination of the plaintiff *(see, Westmoreland v Wilgo Realty Corp.,* 45 AD2d 887; *Galarza v Alcoa S. S. Co.,* 41 AD2d 923; *Killeen v Community Hosp.,* 101 Misc 2d 367).

In light or our determination setting aside the damages verdict, the parties' contentions with respect to the amount of damages awarded need not be addressed.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., O'Brien, Ritter and Goldstein, JJ., concur.