ROBLES, Judge (concurring in part and dissenting in part). {63} I concur with the majority’s analysis on the issue of when Wife was entitled to receive benefits. While I generally agree with the majority’s legal analysis regarding calculation of retirement benefits, there must be a different conclusion under the facts of this case. My focus is on procedure and evidence surrounding the calculation issue. Because evidence is lacking in this case and under our standard of review we are unable to affirm, I would remand this case for further proceedings. I therefore must respectfully dissent. {64} I agree with the majority that Husband preserved his argument concerning the formula to be used. However, this Court’s lack of clarity on the first appeal led to the confusion surrounding the issue, and the conclusions regarding the calculation issue that this Court holds today are an adherence to the earlier, faulty process. {65} In addition to what the majority has already noted at the initial hearing in 2006 where Husband appeared pro se, the following interactions occurred: COURT: Okay. Alright. Well, [Husband], I mean, part of the representation is, and I know this is, you folks have been divorced for some long time, but you remember back in ... actually, let me see if I can get a more specific date, back in 1994. Actually, September of 1994, that you signed a marital settlement agreement? [HUSBAND]: Yes.... COURT: Pursuant to your divorce, you remember that? Just listen to my question. [HUSBAND]: Yes, sir. I agreed with the formula they came up with. {66} Several minutes later, the court stated: COURT: So, so what we’re going to do is, is set out ... getting that done, now if you need to get legal counsel, and herein lies one of the problems, and I understand, I’m sympathetic to a degree, [Husband], that, that you don’t have legal counsel representing you, Ms. Spieldman is legal counsel just representing [Wife], and so you don’t have legal counsel representing you, you’re not a lawyer.... If you want to get legal counsel and ... run this information by your legal counsel if you can afford to do that, you’re certainly welcome to do that and I’ll listen to any argument that they want to make. (Emphasis added). You need to start that immediately and we’ll find out, and I think probably August 15 would be a good target date for you to start looking at getting ... that to be your first payment of $590 and it will be $590 from that point forward. Now if you get legal counsel and you’re going to dispute that amount and those kinds of things, well you’ll have to have your legal counsel file a motion in that regard but it sounds pretty reasonable to me ... based upon the formula that you both have agreed to, which we’re not going to go back and redo. The only thing I can think of that would, might make that a little bit different is ... whether or not the figures that Ms. Speildman[Spieldman] is going to receive from you with regard to your ... salary and your employment ... would change that number some degree ... otherwise, I’m expecting that that’s going to be the amount. {67} As the majority notes, Husband did hire an attorney and file a motion for rehearing as the district court suggested he do. On the first appeal to this Court, we initially proposed to affirm the district court on the calculation issue. Husband filed a motion in opposition to summary affirmance on that point, and we retracted our initial proposed holding. In our memorandum opinion filed in February 2007, we implied that the issue was not preserved, and we remanded the case. {68} This Court stated: We decline to address Husband’s arguments as to benefit computation because they were not raised in the district court. See Woolwine v. Furr’s, Inc., 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct.App.1987) (“To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court.”). {69} We then went on to note that: “[W]e have not been provided with a copy of the transcript from the hearing on Wife’s motion.... The lack of analysis contained in the motion for rehearing and the failure of the district court to act upon the motion lead us to conclude that the district court never considered the arguments set forth in Husband’s motion for reconsideration and clarified in his memorandum filed with this Court. As a result, Husband’s arguments are not properly before us on appeal. We express no opinion as to the amount of benefits that would be due Wife if the district court should determine that Wife is entitled to begin receiving benefits before Husband retires. {70} The lack of clarity from this Court on the first appeal was, in part, due to the fact that we provided a ruling on the formula issue without a copy of the transcript from the hearing. The confusion on remand was compounded by the less than clear’ memorandum opinion generated by this Court. At the hearing on remand, Husband testified and entered into evidence an exhibit with his income information, his formula, and his calculations. Wife objected to the district court addressing the formula issue, arguing that it was beyond the scope of the remand, and that law of the case prevented the district court, and now this Court, from reviewing the issue. The majority correctly notes that the law of the case does not prevent us from examining this issue. The law of the case doctrine is discretionary and flexible, not a doctrine of inflexible law. State ex rel King v. UU Bar Ranch Ltd. P’ship, 2009-NMSC-010, ¶ 21, 145 N.M. 769, 205 P.3d 816. When a former decision is erroneous and the opportunity remains for us to correct earlier mistakes, we should apply the law of the land as opposed to the law of the ease. Reese v. State, 106 N.M. 505, 506, 745 P.2d 1153, 1154 (1987). {71} After determining that the issue can be reached, the majority, ultimately, concludes “that the district court on remand reconsidered the question of which formula and calculations should prevail and determined that the MSA and domestic relations order supported Wife’s calculation.” Majority Op. ¶ 32. On examination of the record, however, I reach a different conclusion. {72} At the initial 2006 hearing, Wife’s counsel asserted: [W]e wrote in, in the formula, that the marital months were 192, according to my math [Husband] spent a total of 824 months earning this retirement.... [S]o that with my math, came out to be 23.2 percent is [Wife’s] share of the gross monthly annuity which would be $2533. That’s what he would have started receiving December 11 of 2005. So, I calculated that [Husband] would be required to pay ... [Wife] $590 per month. That’s 23.2 times 2533, ... he should have been paying it since December. [S]o he has accrued an arrearage of, for seven and a half months of retirement, ... [Wife] should have received commencing December ll.[A]nd ... seven and a half months times the $590 is $4425. {73} This oral assertion of Wife’s counsel in 2006 is the only source in the record before this Court of the numbers that are being affirmed. The majority holds that it is reasonable to conclude that the district court relied on Wife’s counsel’s arguments from 2006, rather than the calculation presented by Husband in 2007, and that “[e]xcept perhaps to determine salaries on a particular date for valuation purposes, there was no evidence required.” Majority Op. ¶ 33. Further, the majority explains that “Husband did not contest the formula or calculation or the manner in which it was presented at the July 19, 2006, hearing,” and that it was not until 2007 that Husband argued that Wife’s formula had no support in evidence. Id. I must disagree with the majority. {74} First, as the above excerpts of the transcript demonstrate, the court assured Husband that if he chose to revisit any issue, he could hire an attorney and be heard. The district court completely and fully adopted Wife’s mere assertions in a minute order with the caveat that Husband could litigate those issues if he chose. However unorthodox and ill-advised the district court’s actions may have been, the majority is correct that, in the immediate case, Husband’s arguments were preserved. Majority Op. ¶ 28. However, it is inconsistent for this Court to hold that the issue was preserved by Husband when he hired an attorney and filed a motion for rehearing, which alerted the district court, as well as this Court, in the first appeal to his claim of error and, at the same time, state that Wife’s counsel’s explanation was unchallenged. Majority Op. ¶ 33. If we are to hold that the issue was and is preserved, and Husband wishes to litigate it, there is a challenge. {75} Secondly, as this Court has consistently expressed, “[t]he mere assertions and arguments of counsel are not evidence.” Muse v. Muse, 2009-NMCA-003, ¶ 51, 145 N.M. 451, 200 P.3d 104 (App.2008); see also Henning v. Rounds, 2007-NMCA-139, ¶ 2, 142 N.M. 803, 171 P.3d 317 (“We observe, [hjowever, arguments of counsel are not evidence.” (alteration in original) (internal quotation marks and citation omitted)); G & G Sews., Inc. n Agora Syndicate, Inc., 2000-NMCA-003, ¶ 51, 128 N.M. 434, 993 P.2d 751 (App.1999) (“[AJrguments of counsel are not evidence.”); Fitzsimmons v. Fitzsimmons, 104 N.M. 420, 427, 722 P.2d 671, 678 (Ct.App.1986) (“[Cjounsel’s beliefs and statements cannot be considered as evidence.”). Wife’s counsel was not under oath, she was not giving testimony subject to cross-examination, and no documents were admitted into evidence before the district court. Husband had no duty nor opportunity to object to Wife’s counsel’s assertions and arguments regarding the calculation. Every single number that this Court affirms today came from either assertions or argument, not evidence. While Husband stated at the 2006 hearing that he agreed with the formula “that they came up with” in 1994, it does not follow that the numbers argued by Wife’s counsel were the correct numbers to use. In the 2007 hearing on remand, Husband presented his income information, which was admitted into evidence, and which remains the only income evidence in the record. While the district court and the majority may disagree with Husband’s numbers because they were based on income from the time of divorce instead of the time of eligibility, there is nothing in the record that would allow them to apply Wife’s counsel’s numbers from 2006, which were mere assertions of counsel when those assertions are competing with actual income information that has been admitted into evidence. {76} Finally, under our standard of review, we simply cannot uphold the district court’s determination. The proper lens through which to view our standard of review should be for substantial evidence. “Substantial evidence is such relevant evidence that a reasonable mind would find adequate to support a conclusion.” Concerned Residents of Santa Fe N., Inc. v. Santa Fe Estates, Inc., 2008-NMCA-042, ¶ 68, 143 N.M. 811, 182 P.3d 794 (internal quotation marks and citation omitted). Here, the evidence in the record simply does not support Wife’s position. The district court’s conclusion of law that “[t]he Court finds that there is sufficient information/evidence to determine that the benefit due and owing to [WJife from [H]us-band is $590[] per month” simply has no basis for support when the only numbers in evidence and in the record belong to Husband. {77} In writing today, I recognize the need for finality and the security that comes with it. I acknowledge that the parties have already expended considerable time, effort, and money in this matter and deserve a prompt and equitable outcome. However, failing to address procedural difficulties is not justice, it is not in the parties’ interest, and it is not in the interest of this Court. Because of the confusion surrounding this case, Wife never submitted evidence. Were we to resolve this issue today, we would have to conclude that Husband is entitled to application of his numbers because they are the only ones in the record. This matter should be remanded for admission of evidence and a decision which is supported by more than mere assertions. Holding otherwise implies that one party or the other has not had their day in court. We should endeavor to resolve issues on their merits whenever possible. I therefore cannot agree with the majority on this particular issue, and I must dissent.