This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JULIO RUBIO,**

Worker-Appellant,

v.                                                                    **NO. 31,649**

**DEPARTMENT OF PUBLIC SAFETY,**
**and NEW MEXICO RISK MANAGEMENT**
**DIVISION,**

Employer/Insurer-Appellee.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Gregory D. Griego, Workers' Compensation Judge**

Chavez Law Firm
Gonzalo Chavez
Roswell, NM

for Appellant

Doughty & West, P.A.
Judd C. West
Christopher T. Elmore
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**FRY, Judge.**

Worker asks us in this appeal to apply the doctrine of law of the case to perpetuate a math error this Court inadvertently included in our memorandum opinion of July 11, 2011. We exercise our discretion and decline to apply the doctrine because the math calculation in the July 11, 2011, opinion was clearly erroneous. We therefore affirm the final order of the workers' compensation judge (WCJ).

**BACKGROUND**

Worker filed his first appeal in this case on August 19, 2010, in which he argued that the WCJ had erroneously given Employer/Insurer credit for overpayment of benefits. In our notice of proposed summary disposition, we correctly stated the WCJ's finding that "Worker is entitled to 50% loss of use benefits for 115 weeks at a compensation rate of $318.81." While the WCJ did not perform the multiplication necessary to calculate the total amount of loss of use benefits, we did. However, in performing this computation, we erroneously calculated 115 weeks at 100% of Worker's compensation rate instead of at 50%. Thus, we calculated that Worker was entitled to a total of $36,663.15 in loss of use benefits ($318.81 x 115) instead of the correct amount of $18,332.15 ($159.41 x 115). Our erroneous calculation was not essential to our proposed disposition because we proposed affirming the WCJ's substantive determination that Employer/Insurer was entitled to a dollar-for-dollar credit for amounts Employer/Insurer had overpaid.

Worker does not dispute that our calculation was erroneous. In fact, in his memorandum in opposition to our proposed summary disposition, Worker alerted us to our math error, stating that "the $36,663.15 benefit value noted in the [p]roposed [s]ummary [d]isposition [n]otice was incorrectly calculated using the full compensation rate, $318.81 times 115 weeks, rather than the 50% loss of use awarded in the compensation order, or $159.40 per week."[1] We obviously overlooked Worker's attempt to alert us to our math error because we issued a memorandum opinion affirming the WCJ's compensation order in which we repeated the same math error.

After mandate issued, the WCJ held a hearing for entry of judgment on the mandate. The WCJ directed the parties to submit their respective calculations of benefits owed. After considering the parties' submissions, the WCJ entered a compensation order reiterating its original determination of the credit to which Employer/Insurer was entitled for overpayment of benefits. This was the determination we had affirmed in our memorandum opinion. In the order, the WCJ stated the correct calculation of the total benefits due Worker for loss of use as "50% of the compensation rate of $318.81 ($159.41) for 115 weeks, or a total of

---

[1]We note that half of $318.81 is actually $159.405. In order to achieve the benefits total urged by Worker in his memorandum in opposition, $18.332.15, the 50% compensation rate would have to be rounded up to $159.41.

3

$18,332.15." Thus, the WCJ corrected the math error we had included in our memorandum opinion.

**DISCUSSION**

Having conceded that our calculation of benefits was erroneous, Worker's only argument on appeal is that the error should remain uncorrected because of the doctrine of law of the case. The doctrine provides that "a decision by an appeals court on an issue of law made in one stage of a lawsuit becomes binding on subsequent trial courts as well as subsequent appeals courts during the course of that litigation." *State ex rel. King v. UU Bar Ranch Ltd. P'ship*, 2009-NMSC-010, ¶ 21, 145 N.M. 769, 205 P.3d 816. Application of the doctrine is "discretionary and flexible," and it "applies to questions of law, not purely fact questions." *Id.* (internal quotation marks and citations omitted). Whether the doctrine applies and how it applies are questions of law. *Id.* ¶ 20. In addition, "[w]hether a particular issue is a question of fact or law is itself a legal issue upon which we are free to make our own determination." *Id.* ¶ 24.

There are exceptions to the application of the doctrine. "[W]e will not apply this doctrine to perpetuate an obvious injustice or to affirm a former appellate decision that is clearly erroneous." *State v. Breit*, 1996-NMSC-067, ¶ 12, 122 N.M. 655, 930 P.2d 792; *see also Trujillo v. City of Albuquerque*, 1998-NMSC-031, ¶ 42, 125 N.M. 721, 965 P.2d 305 (explaining that a court "considers the justness" of applying the doctrine); *Reese v. State*, 106 N.M. 505, 507, 745 P.2d 1153, 1155 (1987) (stating that

4

a court may decline to apply the doctrine if application "would result in a manifest injustice").

We conclude that the math error in our first memorandum opinion was a factual error rather than a determination of a legal issue. The erroneous calculation was gratuitous and unnecessary to our determination of the merits of Worker's first appeal. Because the doctrine of law of the case applies to determinations of legal issues, application of the doctrine here would be inappropriate.

In addition, our calculation in the first memorandum opinion was clearly erroneous, as conceded by Worker, and perpetuating the error by applying law of the case would be unjust. Failing to correct the error would result in Worker being entitled to and Employer/Insurer being responsible for double the amount actually awarded by the WCJ. There is no justification for such a result.

The circumstances in this case are similar to those in *Gruschus v. C.R. Davis Contracting Co.* In the first appeal in *Gruschus*, our Supreme Court issued an opinion reiterating the district court's finding that a specific number of tons of sand and aggregate were actually used by the defendant in preparing concrete pavement. 77 N.M. 614, 617, 426 P.2d 589, 591 (1967). The Court went on to explain that the district court had erroneously computed the total and remanded "for a proper finding on this issue." *Id.* at 617-18, 426 P.2d at 591 (internal quotation marks omitted). On remand, the district court recalculated the total, and the plaintiff appealed again. *Id.*

5

at 616-17, 426 P.2d at 591. In the second appeal, the plaintiff argued that the total stated in the Supreme Court's first opinion was controlling under the doctrine of law of the case. *Id.* at 618, 426 P.2d at 591. The Supreme Court rejected this argument, explaining that the total stated in its first opinion "was made to point out the mathematical error in computation and is not framed with the certainty of a finding of fact. . . . Further, this court is not a fact finding body." *Id.* at 618, 426 P.2d at 592. The Court concluded that "the doctrine of the law of the case applies only to questions of law and has no application to purely fact questions." *Id.*

As in *Gruschus*, our statement of the total loss of use benefits in our first memorandum opinion was not a finding of fact; it was a statement comprising a math error. We conclude that the doctrine of law of the case has no application under these circumstances.

Because we have found the doctrine of law of the case to be inapplicable to our math error, Worker asks us to conduct "de novo review of the binding case law" cited in his memorandum in opposition to the proposed summary disposition filed in his first appeal. We assume this means that Worker wants us to revisit the *legal* issues we decided in the first appeal having to do with the credit due to Employer/Insurer for overpayment. We decline to do so because those legal determinations—as opposed to the math error we inadvertently included in the opinion—constitute the law of the

6

case. Worker raised the same legal arguments in the first appeal, and we rejected them at that time. We will not consider them again.

**CONCLUSION**

For the foregoing reasons, we affirm the WCJ's final order of October 7, 2011.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**LINDA M. VANZI, Judge**