This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JODY VINYARD,**

Worker-Appellant,

**v.**                                                                          **No. 33,702**

**PALO ALTO INC. d/b/a PIZZA HUT**
**and MANUFACTURERS**
**ALLIANCE INSURANCE CO.,**

Employer/Insurer-Appellee.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Reginald C. Woodard, Workers' Compensation Judge**

Law Office of Alvin R. Garcia LLC
Alvin R. Garcia
Albuquerque, NM

for Appellant

Maestas & Suggett, P.C.
Paul Maestas
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}     Worker has appealed from a compensation order.  We previously issued a notice of proposed summary disposition in which we proposed to reverse.  Employer/Insurer have filed a memorandum in opposition.  Upon due consideration, we remain unpersuaded.  We therefore reverse and remand.

{2}     The issue on appeal concerns the manner in which Worker's aggregate average weekly wage is calculated.  This very question has been the subject of two prior appeals. The first appeal resulted in the issuance of a formal opinion, *Vinyard v. Palo Alto, Inc.*, 2013-NMCA-001, ¶ 9, 293 P.3d 191.  The second appeal concerned a rather minor point, relative to the evidence. [RP 371-75, 385-88, 393-94] However, a larger problem remained, relative to the averaging-and-aggregating process.  This larger problem is the subject of the instant appeal.

{3}     As described at greater length in the notice of proposed summary disposition, the WCJ duly applied the appropriate statutory subsection to both of the jobs that Worker held at the time of injury, thereby arriving at an average weekly wage based on the total number of weeks actually worked in each occupation. [RP 396-98]  In order to arrive at an "aggregate average" duly reflecting Worker's concurrent employment situation, the separately calculated average weekly wages in each occupation should simply have been aggregated—*i.e.*, combined into a single whole or total.  *See id.* ¶ 19 (providing that "each employer's average weekly wage is to be

individually determined according to [NMSA 1978, § 52-1-20(B)(1) (1990)], and an average weekly wage *based on the aggregate of all averages* should then be calculated" (emphasis added)); *Black's Law Dictionary* 76 (9th ed. 2009) (defining "aggregate" (*adj.*) as "[f]ormed by combining into a single whole or total"). Although the WCJ appropriately added Worker's average weekly wages, it then proceeded to divide the total by two. [RP 397-98] The practical effect of this was to halve Worker's benefits, reducing them to an amount that does not compensate him "for the reduction of his earning capacity." *Vinyard*, 2013-NMCA-001, ¶ 10. This is fundamentally at odds with the purposes of the Workers' Compensation Act. *See id.* "Fairness mandates compensating the worker according to what he would have earned *in total* had he not been injured." *Id.* (emphasis added). Insofar as Worker was concurrently employed and earning wages from two separate jobs at the time of the accident, he is entitled to receive benefits that compensate him for the loss of both streams of income. *Id.* ¶ 5. ("Worker is entitled to receive compensation benefits reflecting his wages from both jobs."). We therefore proposed to reverse and remand for further proceedings to correct the error.

{4} In its memorandum in opposition, Employer/Insurer do not dispute that the methodology employed below was erroneous. [MIO 1-11] Instead, Employer/Insurer contend that Worker's failure to bring the error to this Court's attention in the course

of an earlier appeal should preclude Worker from raising the issue now. [MIO 3-4, 7-11] Insofar as the error was apparent at the time of the second appeal, the matter should have been brought to our attention at that stage. *See generally Ferrell v. Allstate Ins. Co.*, 2007-NMCA-017, ¶ 50, 141 N.M. 72, 150 P.3d 1022 ("Brief research has revealed a plethora of cases that hold that . . . an appellate court in any subsequent appeal, should refuse to consider issues that could have been raised in a prior appeal but were not."), *rev'd on other grounds*, 2008-NMSC-042, 144 N.M. 405, 188 P.3d 1156; *DiMatteo v. County of Doña Ana*, 1989-NMCA-108, ¶ 25, 109 N.M. 374, 785 P.2d 285 (noting that under the law-of-the-case doctrine, "the law applied on the first appeal of a case is binding on the trial court on remand and on the appellate court if there are further appeals" and that "the doctrine extends not only to questions raised upon the former appeal[,] but also to those that could have been raised"). However, "the law-of-the-case doctrine is discretionary and flexible," *State of N.M. ex rel. King v. UU Bar Ranch Ltd. P'ship*, 2009-NMSC-010, ¶ 21, 145 N.M. 769, 205 P.3d 816 (internal quotation marks and citation omitted), and "it will not be used to uphold a clearly incorrect decision[.]" *Trujillo v. City of Albuquerque*, 1998-NMSC-31, ¶ 41, 125 N.M. 721, 965 P.2d 305; *see also Reese v. State*, 1987-NMSC-110, ¶ 5, 106 N.M. 505, 745 P.2d 1153 ("Since the doctrine of the law of the case is merely one of practice or court policy, and not of inflexible law, so that

4

appellate courts are not absolutely bound thereby, but may exercise a certain degree of discretion in applying it, there are many holdings in which the courts have retreated from any inflexible rule requiring the doctrine to be applied regardless of error in the former decision, and it has been said that the doctrine should not be utilized to accomplish an obvious injustice, or applied where the former appellate decision was clearly, palpably, or manifestly erroneous or unjust." (alteration, internal quotation marks, and citation)). Because the methodology utilized below is manifestly erroneous and adherence to it would accomplish an obvious injustice, we conclude that the law-of-the-case doctrine does not prevent us from rectifying the situation.

{5}     Accordingly, we reverse and remand for recalculation of Worker's benefits, in the manner specified in the notice of proposed summary disposition.

{6}     **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Chief Judge**


_____

**JAMES J. WECHSLER, Judge**