This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39529**

**NEW MEXICO HUMAN SERVICES
DEPARTMENT and CRYSOL
HUFFMAN,**

> Petitioners-Appellees,

v.

**JOSHUA HUFFMAN n/k/a
NIGEL LACHEY,**

> Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Jane C. Levy, District Judge**

Catherine Anne Cameron
Albuquerque, NM

for Appellee New Mexico Human Services Department

Crysol Huffman
Rio Rancho, NM

Pro Se Appellee

Nigel Lachey
Las Vegas, NV

Pro Se Appellant

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}**     Appellant Nigel Lachey, who is self-represented, appeals from a district court order addressing his motion to cease the collection of child support arrears. We issued

a calendar notice proposing to affirm. Respondent has filed a memorandum in opposition. We affirm.

**{2}** Respondent is the father of a child born in April 1999 and who has reached the age of majority. [RP 56, 60] *See* NMSA 1978, § 40-4-7(B)(3)(b) (1997). The district court issued an order in 2003 setting the amount of Respondent's monthly child support obligation and determining arrearage. [RP 53-59] Over the ensuing years, the amount of arrears increased substantially. In 2018, this Court rejected Respondent's attack on the 2003 order, including his claim that the payments had been waived. *See Human Servs Dep't v. Huffman*, No. A-1-CA-36998, mem. op. (N.M. Ct. App. July 31, 2018). We do not consider any of Respondent's current claims that were addressed in that appeal, because the rulings are law of the case. *See State ex rel. King v. UU Bar Ranch Ltd. P'ship*, 2009-NMSC-010, ¶ 22, 145 N.M. 769, 205 P.3d 816 (holding that an opinion in a prior appeal constitutes the law of the case binding on the district court as well as subsequent appellate courts).

**{3}** Respondent initiated the most recent challenge to his child support arrears in July 2020, when he sought to completely eliminate the arrearage. [RP 266, 269] The district court agreed that some of the amount due was past the statute of limitations, but otherwise rejected his claims. [RP 342-44] As noted, we do not need to reconsider Respondent's waiver argument, including his challenge to exclusion of an exhibit that purports to support this argument. This bar also applies to his attempt to set aside the original order based on alleged due process violations. Because we conclude that most, if not all, of Respondent's claims are barred under the law of the case doctrine, and because he has not established that this would result in manifest unjustness, we decline his invitation to re-visit these issues. *Cf. Reese v. State*, 1987-NMSC-110, ¶ 5, 106 N.M. 505, 745 P.2d 1153 (stating that discretion exists to ignore prior case where "the former appellate decision was clearly, palpably, or manifestly erroneous or unjust" (internal quotation marks and citation omitted)).

**{4}** To the extent that Respondent could argue that any of these new claims are outside of the scope of the law of the case bar to relitigation, he has not established any ground for setting aside the 2003 order based on Rule 1-060(B) NMRA. To the contrary, all of his claims of mistake or misrepresentation are based on the same allegations made earlier. Finally, to the extent that Respondent is claiming that Petitioner Crysol Huffman was not truthful in her statements in these proceedings, we defer to the district court and the hearing officer on this matter. *See Sanchez v. Molycorp, Inc.*, 1985-NMCA-067, ¶ 21, 103 N.M. 148, 703 P.2d 925 ("[I]t is a matter for the trier of fact to weigh the evidence, determine the credibility of witnesses, reconcile inconsistent statements, and decide the true facts.").

**{5}** For the reasons set forth above, we affirm.

**{6} IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**SHAMMARA H. HENDERSON, Judge**